STATE of Minnesota, Respondent,

v.

Gary Cornaldious WILSON, Appellant.

No. C7–98–1620.

Court of Appeals of Minnesota.

June 8, 1999.

Mike Hatch, Attorney General, James B. Early, Assistant Attorney General, St. Paul, for respondent.

Lisa Nelson Borgen, Clay County Attorney, Moorhead, for respondent.

Richard E. Edinger, Richard D. Varriano, Moorhead, for appellant.

Considered and decided by WILLIS, Presiding Judge, LANSING, Judge, and SCHUMACHER, Judge.

## OPINION

LANSING, Judge.

The district court denied Gary Wilson's motion to suppress cocaine recovered during a seizure. Under the Fourth Amendment, Wilson lacks a protected privacy interest in a hairspray can that he temporarily possessed, but did not own. We affirm.

## FACTS

While on early morning patrol in June 1997, two Moorhead police officers saw a woman and a child crossing the street and walking toward an apartment building. When the woman, later identified as Tami Rai Henricks, observed the squad car, the police saw her attempt to conceal an object under her jacket. Suspecting the object was an open container of alcohol, the officers ordered her to stop. Henricks continued toward the apartment building, approached Gary Wilson, who was standing in front of an apartment building, handed him a hairspray can, and attempted to place an object into Wilson's pocket.

Officer Toby Krone, who had followed Henricks, immediately reached into Wilson's pocket and retrieved the object — a marijuana pipe. Krone asked Wilson for identification. To retrieve his identification from his wallet, Wilson placed the hairspray can on the ground. Krone told Wilson to remain where he was while Krone checked his identification.

After determining that Wilson had no outstanding warrants, Krone told Wilson he was free to leave. Wilson bent down to retrieve the hairspray can, and Krone simultaneously reached for it. Krone told him to stop, but Wilson grabbed the can and began to run. Krone chased and tackled Wilson, causing him to drop the can. A plastic bag containing two balls of rock cocaine fell out of the can.

The witnesses' testimony differs on how Wilson came to be in possession of the hairspray can. Officer Krone testified that Henricks handed Wilson the can. Wilson testified that he carried the can from the car in which he arrived at the apartment. It is undisputed, however, that Henricks, and not Wilson, owned the can.

Wilson was charged with third-degree controlled-substance crime for possession of cocaine in violation of Minn.Stat. § 152.023, subd. 2(1) (1996). Wilson moved to suppress the rock cocaine discovered in his possession, on the ground that it was the product of an illegal seizure. The district court denied the motion. Wilson waived his right to a trial by jury and the district court found him guilty. Wilson appeals, contending the district court erred when it refused to suppress the cocaine.

## ISSUE

Under the Fourth Amendment, does Wilson have a protected privacy interest in the hairspray can?

## ANALYSIS

### I

■ Before a criminal defendant moves to suppress evidence obtained in alleged violation of the Fourth Amendment, the defendant must show that he is the "proper party to assert the claim of illegality and to seek the remedy of exclusion." *State v. Carter*, 569 N.W.2d 169, 173 (Minn.1997), *overruled on other grounds by Minnesota v. Carter*, 525 U.S. 83, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). To establish that he is the proper party, the defendant must demonstrate (1) he has an adversary interest in the outcome, and (2) the adverse interest is based on an alleged violation of his rights, rather than the violation of a third party's rights. *Id.* at 174 (citing *Jones v. United States*, 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980)). The first factor is satisfied with respect to Wilson because a criminal defendant, against whom the evidence is being offered, has an adversary interest. *Id.*

■ The second factor turns on a determination of whether the disputed search "has infringed an interest of the defendant," which is protected by the Fourth Amendment. *Id.* (quoting *Rakas v. Illinois*, 439 U.S. 128, 140, 99 S.Ct. 421, 429, 58 L.Ed.2d 387 (1978)). A protected interest exists when a person has a legitimate expectation of privacy in the invaded place or thing. *Id.* The question, therefore, is whether Wilson had a legitimate expectation of privacy in the hairspray can. To establish a legitimate expectation of privacy, Wilson must demonstrate (1) a subjective expectation of privacy, and (2) that the expectation "was reasonable in light of 'longstanding social customs that serve functions recognized as valuable by society.'" *Id.* (quoting *Minnesota v. Olson*, 495 U.S. 91, 98, 110 S.Ct. 1684, 1689, 109 L.Ed.2d 85 (1990)). Wilson has demonstrated his subjective expectation of privacy in the hairspray can. Consequently, our analysis focuses on the objective prong of the test.

■ Officer Krone testified that Henricks handed Wilson the hairspray can moments after police ordered her to stop. *See State v. Moore*, 438 N.W.2d 101, 108 (Minn.1989) (reviewing court assumes the fact-finder "believed the state's witnesses and disbelieved any evidence to the contrary") (citation omitted). Police had already discovered Henricks placing a marijuana pipe into Wilson's pocket. Believing, as Wilson later conceded, that the hairspray can belonged to Henricks, police had probable cause to seize the can. *See generally United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) (noting that police may seize personal property of arrestee, when probable cause exists to believe property contains evidence of a crime, pending procurement of search warrant for the property), *abrogated on other grounds by California v. Acevedo*, 500 U.S. 565, 565, 111 S.Ct. 1982, 1983, 114 L.Ed.2d 619 (1991); *cf. United States v. James*, 555 F.2d 992 (D.C.Cir. 1977) (holding that police properly searched jacket when probable-cause defendant handed jacket to his uncle and left vicinity).

■ When Krone ordered Wilson to "stop" as he reached for the can, Krone seized the object, not Wilson. Wilson's action of grabbing the can and running away, however, prompted Krone to pursue and seize Wilson. The exigent circumstances of possible loss of the evidence justified seizure of Wilson. *See generally* Wayne R. LaFave, *Search and Seizure* §§ 5.1(b), 5.2(c) (3d ed.1996). And the nature of Wilson's conduct gave rise to the inference that Wilson had intentionally taken possession of what he knew to be a controlled substance.

■ Wilson, however, has not demonstrated a *reasonable* expectation of privacy in the hairspray can. Wilson had no own-

ership interest in the can, and Wilson came into possession of the can only after police stopped Henricks. Thus, Wilson's possessory interest in the can, if any, can be characterized as that of a bailee in the context of a temporary gratuitous bailment. Wilson stipulated that he knowingly possessed the cocaine to expedite appellate review of the seizure issue. *See State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980). Therefore, we need not decide whether a temporary bailment is sufficient to constitute knowing possession of cocaine. While we can conceive of situations in which a person might have a legitimate expectation of privacy in an item received in temporary bailment, that expectation would not be reasonable in these circumstances when Henricks "bailed" the property to Wilson in full view of police and for the obvious purpose of concealing evidence. For Fourth Amendment purposes, a possessory interest may not be established by resort to technical applications of property concepts. *See Salvucci*, 448 U.S. at 91, 100 S.Ct. at 2553 (citing *Rakas*, 439 U.S. at 144 n. 12, 99 S.Ct. at 431). Lacking a protectable privacy interest, Wilson may not challenge the admission of the crack cocaine found in the hairspray can.

## II

Wilson alternatively requests that the propriety of the seizure be analyzed under a doctrine of "automatic standing" derived from Minnesota constitutional principles. Prior to 1980, federal caselaw held that a defendant charged with a possession crime automatically had standing to challenge the propriety of a search or seizure for or of the item possessed, without having to first admit an ownership interest in the item. *See Jones*, 362 U.S. at 264–65, 80 S.Ct. at 732–33, *overruled by Salvucci*, 448 U.S. at 85, 100 S.Ct. at 2549. Several states, including Massachusetts, have preserved the automatic-standing doctrine under their state constitutions despite the Supreme Court's rejection in *Salvucci*. *See Commonwealth v. Amendola*, 406 Mass. 592, 550 N.E.2d 121, 126 (1990)

(adopting automatic-standing doctrine and citing cases in which other states retained the doctrine). Wilson observes that Article I, section 10, of the Minnesota Constitution has been recognized as affording a petitioner greater rights than does the Fourth Amendment. *See Ascher v. Commissioner of Pub. Safety*, 519 N.W.2d 183, 187 (Minn.1994); *In re Welfare of E.D.J.*, 502 N.W.2d 779, 780 (Minn.1993); *In re Welfare of D.A.G.*, 484 N.W.2d 787, 789 (Minn.1992); *O'Connor v. Johnson*, 287 N.W.2d 400, 405 (Minn.1979).

Wilson did not raise this alternative argument in the district court. In his brief to this court, Wilson confines his automatic-standing contention to a brief assertion that the Minnesota Supreme Court's decision in *Carter* indicates an intent to preserve the doctrine of automatic standing. *Carter*, however, dealt exclusively with the Fourth Amendment and did not discuss Article I, section 10, of the Minnesota Constitution. *See* 569 N.W.2d at 174–76 (discussing standing under the Fourth Amendment); *see also Minnesota v. Carter*, 525 U.S. 83, 119 S.Ct. 469, 142 L.Ed.2d 373 (reversing on the *Carter* court's standing analysis under the Fourth Amendment). An assignment of error based on "mere assertion," not supported by argument or authority and not raised in the district court, cannot be considered on appeal. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn.App.1997) (quoting *Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971)); *see also State v. Bauman*, 586 N.W.2d 416, 419 (Minn. App.1998), *review denied* (Minn. Jan. 27, 1999). We therefore do not reach the issue of automatic standing under the state constitution.

## DECISION

Wilson lacked a reasonable expectation of privacy in the hairspray can. The district court properly admitted into evidence

the cocaine discovered as a result of the seizure of the can.

Affirmed.