*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1535**

State of Minnesota,
Respondent,

vs.

Frank Lucellerson Tubbs,
Appellant.

**Filed August 10, 2015
Affirmed
Reyes, Judge**

Steele County District Court
File No. 74CR132230

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Dan McIntosh, Steele County Attorney, Owatonna, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Susan Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Schellhas, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

Appellant Frank Lucellerson Tubbs challenges his conviction of misdemeanor violation of a domestic abuse no contact order (DANCO), arguing that, given the unique circumstances of his case, it must be reversed in the interests of justice. We affirm.

## FACTS

On November 15, 2013, appellant was charged with a misdemeanor violation of a DANCO. The DANCO was issued three days earlier, barring appellant from having contact with his girlfriend, R.D. It also prohibited him from going to 1120 East School Street in Owatonna, a residence that appellant and R.D. shared with another person, K.L.

At trial, appellant stipulated to the fact that he was served with the DANCO on November 12. The state offered testimony from Thomas Munns, a detective with the Owatonna Police Department, that on November 15, he and social worker Janel Pitzen stopped at 1120 East School Street to perform a visit. Appellant answered the door and identified himself. The three stepped into the hallway to have a brief conversation. Munns testified he did not know whether anyone else was at the residence. Appellant was arrested later that evening by a different officer for violating the DANCO.

Appellant admitted that he was at the residence on November 15. He testified that he was there upon information from K.L. that he could return to the residence because the DANCO had been "changed." K.L.'s testimony corroborated this. R.D. also testified. She stated that after the DANCO was issued, she moved to a different residence because she knew appellant did not have any other place to live. R.D. explained that she first called the county attorney's office, and then called K.L. to let her know that appellant could stay at 1120 East School Street. Appellant did not make any direct or indirect contact with R.D. after the DANCO was issued.

The jury found appellant guilty of misdemeanor violation of a DANCO. The district court sentenced appellant to 90 days in jail, staying all but 11 days and awarded appellant 11 days of credit for time served. This appeal followed.

**D E C I S I O N**

Appellant asserts that his conviction should be reversed in the interests of justice because "the purpose of [the] [DANCO] was served in this case." Appellant argues that he was told he could return to the residence, and that because R.D. had moved out, he had no direct or indirect contact with her after the DANCO was issued. Because appellant does not cite to any legal authority to support his argument, his argument is forfeited on appeal. *See State v. Wilson*, 594 N.W.2d 268, 271 (Minn. App. 1999), *review denied* (Minn. Aug. 18, 1999) (explaining that an assignment of error based on assertion and not supported by authority cannot be considered on appeal).

Moreover, even if we were to consider the issue on the merits, appellant's argument would not prevail. Appellant asserts that we should reverse his conviction in the interests of justice. "The function of the court of appeals is limited to identifying errors and then correcting them." *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988); *see also State v. Grigsby*, 806 N.W.2d 101, 114 (Minn. App. 2011) (noting this court's role as "an error-correcting court"), *aff'd*, 818 N.W.2d 511 (Minn. 2012). As such, we do not exercise supervisory power reserved to the Minnesota Supreme Court. *See State v. Ramey*, 721 N.W.2d 294, 302 n.6 (Minn. 2006) ("The court of appeals does not exercise supervisory powers that are reserved to [the Minnesota Supreme Court]."). Indeed, even the supreme court "typically will not award a criminal appellant a new trial in the absence

3

of prejudicial error." *State v. Beecroft*, 813 N.W.2d 814, 846 (Minn. 2012). Therefore, we do not have authority to grant relief absent prejudicial error.

Here, appellant has failed to identify any prejudicial error. He was convicted of misdemeanor violation of a DANCO pursuant to Minn. Stat. § 629.25, subd. 2(b) (2012), which states that "a person who knows of the existence of a domestic abuse no contact order against the person and violates the order is guilty of a misdemeanor." Appellant stipulated to knowing the existence of the DANCO. Although R.D. was not present at the residence, the DANCO prohibited appellant from being at that residence. It is undisputed that appellant was at 1120 East School Street on November 15, 2013. Appellant's conduct met all the elements of the crime.

**Affirmed.**