Linda Marie LaDonna DAHLIN,
Respondent,

v.

Randall Earl Thomas KROENING,
Appellant.

No. A09–1800.

Supreme Court of Minnesota.

April 27, 2011.

C. Thomas Wilson, Mary Kay Mages, Matthew C. Berger, Gislason & Hunter LLP, New Ulm, Minnesota, for respondent.

Jared D. Peterson, Tricia M. Niebuhr, Berens, Rodenberg & O'Connor, Chtd., New Ulm, Minnesota, for appellant.

## OPINION

ANDERSON, G. BARRY, Justice.

The issue presented in this case is whether a judgment creditor, by bringing an action on a previously renewed judgment, may renew the judgment for an additional ten years pursuant to Minn.Stat. § 541.04 (2010). The district court concluded that section 541.04 limits an action on a judgment to one renewal and the court of appeals reversed. We affirm the court of appeals.

In 1988, respondent Linda Dahlin obtained a $7,000 judgment for unpaid spousal maintenance against appellant Randall Kroening. In 1998, the 1988 judgment was extended for an additional ten years pursuant to section 541.04. In 2008, Dahlin filed a summons and complaint requesting the court to renew and extend the 1998 judgment for an additional ten years, but the district court denied [1] that request on the basis that a judgment cannot be renewed more than ten years after its entry. Concluding that the 1998 judgment was an extension of the 1988 judgment, the district court determined that the judgment could not be renewed. A divided court of appeals reversed in a published opinion, holding that a judgment creditor may obtain a new judgment by civil action within ten years of the entry of an existing judgment, including a judgment that has been previously renewed. *Dahlin v. Kroening*, 784 N.W.2d 406, 408 (Minn.App.2010). We granted Kroening's petition for further review.

■ Kroening argues that the district court properly concluded that the April 1998 judgment could not be renewed in 2008 for an additional ten years. On appeal from summary judgment, we must review the record to determine whether there is any genuine issue of material fact and whether the district court erred in its application of the law. *McIntosh Cnty.*

---

**1.** The district court stated that it was denying Dahlin's summons and complaint, and although it is not entirely clear what the district court meant by that order, the parties agree that the district court's decision was essentially a sua sponte grant of summary judgment on a matter of law. *See Dahlin v. Kroening*, 784 N.W.2d 406, 408 (Minn.App.2010).

*Bank v. Dorsey & Whitney, LLP,* 745 N.W.2d 538, 544–45 (Minn.2008).

Under Minnesota law, a civil judgment survives for a period of ten years after entry of judgment. Minn.Stat. § 548.09, subd. 1 (2010); *see also In re Sitarz,* 150 B.R. 710, 724 n. 20 (Bankr.D.Minn.1993). But section 541.04 provides that an action on a judgment may be brought within ten years after the entry of a judgment resulting in a renewal of the judgment for an additional ten years.[2] *See Sitarz,* 150 B.R. at 724 n. 20; *Shamrock Dev., Inc. v. Smith,* 754 N.W.2d 377, 380 n. 2 (Minn. 2008). This statute states that:

> No action shall be maintained upon a judgment or decree of a court of the United States, or of any state or territory thereof, unless begun within ten years after the entry of such judgment or, in the case of a judgment for child support, including a judgment by operation of law, unless begun within 20 years after entry of the judgment.

Minn.Stat. § 541.04. Given the language in section 541.04, Kroening does not dispute that Minnesota law provides a cause of action to renew a judgment. Rather, he argues that Minnesota law prohibits the renewal of a judgment more than once.

 First, Kroening argues that under the common law, an action on a judgment is confined to one renewal. We presume that statutes are consistent with the common law unless there is express wording or necessary implication of the intent to abrogate the common law. *Ly v. Nystrom,* 615 N.W.2d 302, 314 (Minn.2000). With regard to section 541.04, the text

shows no intent to abrogate the common law; therefore, we may look to the common law for further guidance as to whether multiple renewals of a judgment are permitted.

At common law, a plaintiff who obtained a judgment against the defendant was required to execute the judgment within a year and a day after judgment was entered, otherwise the judgment was assumed to be "satisfied and extinct." 3 William Blackstone, Commentaries *422. However, there were two alternatives to this strict rule: either the court could grant a writ of scire facias,[3] or the plaintiff could bring an action of debt—what we refer to in Minnesota as an action on a judgment. *See id.* The common law action of debt allowed the plaintiff to extend the life of a judgment beyond the strict year and a day limitation. *Id.* Blackstone explained:

> Whatever, therefore, the laws order anyone to pay, that becomes instantly a debt, which he hath beforehand contracted to discharge. And this implied agreement it is, that gives the plaintiff a right to institute a second action.... So that if he hath once obtained a judgment against another for a certain sum, and neglects to take out execution thereupon, he may afterwards bring an action of debt upon this judgment, and shall not be put upon the proof of the original cause of action; but upon showing the judgment once obtained, still in full force, and yet unsatisfied, the law immediately implies that by the original con-

---

**2.** The statute provides an exception for actions on a child support judgment, which may be brought within 20 years after the entry of judgment. *See* Minn.Stat. § 541.04.

**3.** In the context of the execution of judgments, a writ of scire facias allowed the plaintiff to revive a dormant judgment and re-

quired "the defendant to show cause why the judgment should not be revived and execution had against him." 3 William Blackstone, Commentaries *422; *accord* Black's Law Dictionary 1464 (9th ed.2009). Here, neither party contends that the writ of scire facias is applicable.

tract of society the defendant hath contracted a debt, and is bound to pay it. *Id.* at *159. But Blackstone does not indicate whether a judgment creditor is allowed to bring an action of debt for a judgment that has been previously renewed. Thus, we turn to the language of the statute and our relevant case law.

Kroening argues that because there is no legislative direction within section 541.04 regarding multiple renewals, the issue "lies in Minnesota common law." He asserts that there is no case law in this state that supports the conclusion that a judgment creditor can bring an action on a judgment that is brought more than ten years after the original judgment. We disagree. In *Sandwich Manufacturing Co. v. Earl*, the plaintiff obtained a judgment against the defendant in March of 1883, then commenced an action upon the judgment in February of 1893. 56 Minn. 390, 393, 57 N.W. 938, 938 (1894). The defendant argued that the statute of limitations had run on the plaintiff's cause of action because, according to the defendant, the plaintiff "must conclude, finish, or complete the action, and all proceedings thereunder, within ... 10 years." *Id.* at 396–97, 57 N.W. at 940 (citing the statute of limitations provision, which provided that "such judgment shall survive and the lien thereof continue for a period of ten years and no longer"). Accordingly, under the defendant's argument, the statute of limitations had run on the plaintiff's cause of action because the plaintiff did not complete the action by March of 1893. *See id.* at 397, 57 N.W. at 940. We noted, however, that a section in the same chapter of the statute provided that "an action may be commenced upon a judgment or decree of a court of the United States, or any state or territory of the United States, within 10 years." *Id.* at 397, 57 N.W. at 940. Because construing the statute of limitations provision as the defendant suggested would render the latter statute inoperative, we concluded that the statute of limitations had not run on the plaintiff's action. 56 Minn. at 397, 57 N.W. at 940. We further explained:

> A judgment constitutes, of itself, a cause of action, and, like other causes of action, a suit may be brought upon it within the time limited by statute, and such suit may proceed to trial and judgment even after the expiration of the ten years limited for commencing actions upon such judgments.

*Id.* at 397, 57 N.W. at 940. In stating that a judgment constitutes an action that "may proceed to trial and judgment," this passage suggests that an action on a judgment results in a new judgment, which would then form the basis for a subsequent action, and so forth, so long as the action was brought within the statutory limitations period. *Earl* supports the argument that a judgment creditor may bring a cause of action, based on a previous judgment, more than ten years after the original judgment, and we therefore reject Kroening's assertion.

■ Next, Kroening contends that section 541.04 provides for a procedural mechanism, "not a process for establishing a new cause of action and a new judgment." He points to the language of the statute, arguing that the operative words of the statute are "unless begun within ten years after the entry of such judgment." Minn. Stat. § 541.04. By setting forth the time period in which to bring an action, Kroening claims that the statute is only procedural and does not create a new cause of action.

We disagree with Kroening's interpretation of the statute. In providing a limitations period in which to bring an action on a judgment, we read nothing in section 541.04 that suggests that a judgment cred-

itor is prohibited from renewing a previously renewed judgment. Rather, as indicated above, our decision in *Earl* supports the conclusion that an action on a judgment results in a new judgment, which may then serve as the basis for a subsequent action on a judgment. We therefore hold that section 541.04 does not limit an action on a judgment to one renewal and affirm the decision of the court of appeals.

■ Kroening argues, however, that the Legislature's intent to prohibit multiple renewals is implied from other provisions of Minnesota law. In particular, he notes that section 548.09 states:

> The judgment survives, and the lien continues, for ten years after its entry or, in the case of a judgment for child support, including a judgment by operation of law, for 20 years after its entry. Child support judgments may be renewed pursuant to section 548.091.

Minn.Stat. § 548.09, subd. 1. Accordingly, Minn.Stat. § 548.091 (2010) provides that a "[c]hild support judgment[ ] may be renewed multiple times until paid." Minn. Stat. § 548.091, subd. 3b. Therefore, because "distinctions in language in the same context are presumed to be intentional," Kroening argues that, in providing for multiple renewals in the context of child support judgments and not in other judgments, the Legislature has confined multiple renewals of a judgment to child support judgments only. *In re Stadsvold*, 754 N.W.2d 323, 328–29 (Minn.2008) (stating that "distinctions in language in the same context are presumed to be intentional, and we apply the language consistent with that intent").

But there are also reasons supporting the conclusion that the Legislature was speaking only to the unique issues relating to child support and did not intend to restrict the right to renew judgments arising out of other circumstances. In particular, we note that while the language providing for an action to renew a judgment in sections 541.04 and 548.09, subdivision 1, has remained consistent since 1905, *see* Minn. Rev. Laws §§ 4272, 4075 (1905), the language regarding child support judgments was added in 1993. Act of May 24, 1993, ch. 340, § 50, 1993 Minn. Laws 2251, 2281 (codified at Minn.Stat. § 548.09, subd. 1). Under the 1993 version of the statute, a child support judgment would increase as monthly arrearages accumulated. *Id.* In 1999, however, the Legislature struck the language relating to the "automatic" increases to a child support judgment and instead provided that a child support judgment may be renewed or increased multiple times as appropriate. Act of May 25, 1999, ch. 245, art. 7, § 16, 1999 Minn. Laws 2262, 2568 (codified at Minn.Stat. § 548.091, subd. 3a).[4] This indicates that

---

4. The specific changes were as follows:

> Sec. 16. Minnesota Statutes 1998, section 548.091, subdivision 3a, is amended to read:
> **Subd. 3a. [ENTRY, DOCKETING, AND SURVIVAL OF CHILD SUPPORT JUDGMENT.]** Upon receipt of the documents filed under subdivision 2a, the court administrator shall enter and docket the judgment in the amount of the unpaid obligation identified in the affidavit of default. ~~and note the amount and frequency of the periodic installments of child support that will continue to become due and payable after~~ ~~the date of docketing. From the time of docketing, the judgment is a lien upon all the real property in the county owned by the judgment debtor, but it is not a lien on registered land unless the obligee or the public authority causes a notice of judgment lien or certified copy of the judgment to be memorialized on the certificate of title or certificate of possessory title under section 508.63 or 508A.63. The judgment survives and the lien continues for ten years after the date the judgment was docketed.~~ **Subd. 3b. [CHILD SUPPORT JUDGMENT ADMINISTRATIVE RENEWALS.]** Child

rather than intending to uproot the entire statutory framework regarding the renewal of judgments, the Legislature intended to simply reform the process of renewing child support judgments. It is also worth noting that, in so crafting the statutes regarding child support judgments, the Legislature set out specific, easier to use, procedural rules applicable *only* to child support judgments. For example, the Legislature amended section 548.09, subd. 1, to provide that a child support judgment is renewable without personal service on the judgment debtor. Act of May 25, 1999, ch. 245, art. 7, § 1, 1999 Minn. Laws 2262, 2565 (codified at Minn.Stat. § 548.09, subd. 1). Therefore, although we recognize that contrary arguments are not without merit, we conclude that the better view is that the Legislature intended to confine its changes to the area of child support law. Accordingly, we reject Kroening's argument that the Legislature has restricted multiple renewals to child support judgments only.

■ Finally, Kroening advances public policy as supportive of a one-judgment-renewal rule. Kroening argues, among other claims, that a one renewal rule would be a balanced approach recognizing that judgments are unpaid not only because judgment debtors refuse to pay, but also because they are unable to pay. He notes that unlimited renewals could mean endless litigation and burden for the judicial system as well as endless harassment of debtors unable to pay judgments granted long ago. He also observes that in many

legal matters finality is an important principle. Dahlin, on the other hand, advances the societal preference for payment of debts and notes, and at least for some judgments, bankruptcy may be an option to relieve debtors.

Kroening's public policy arguments are not without merit. The potential for abuse with multiple judgment renewals is obvious. But Kroening is unable to identify any jurisdiction, and we have found none, where a court of last resort has fashioned a judicially-created one judgment renewal rule. Our experience is with legislatively-created limitations on actions, and those limitations vary widely depending upon the underlying claim. For example, the Legislature imposes a four-year statute of limitations for medical malpractice claims, *see* Minn.Stat. § 541.076 (2010), a ten-year statute of repose for actions based on services or construction to improve real property, *see* Minn.Stat. § 541.051, subd. 1(a) (2010), and a fifteen-year statute of limitations for claims relating to the recovery of real estate, *see* Minn.Stat. § 541.02 (2010).

■ Similarly, there are important public policy questions about whether all judgments should be subject to renewal limitations, and if not, on what grounds some judgments should be included and others excluded. These policy-related issues are best left to the Legislature. When interpreting the statutes, it is our role to rely on what the Legislature intended over what may appear to be supported by public policy. *Cf. Whitener ex*

support judgments may be renewed by service of notice upon the debtor. Service ~~shall~~ *must* be by ~~certified~~ *first class* mail at the last known address of the debtor, *with service deemed complete upon mailing in the manner designated,* or in the manner provided for the service of civil process. Upon the filing of the notice and proof of service, the court administrator shall *administratively* renew the judgment for child support

without any additional filing fee *in the same court file as the original child support judgment. The judgment must be renewed in an amount equal to the unpaid principle plus the accrued unpaid interest. Child support judgments may be renewed multiple times until paid.*
Act of May 25, 1999, ch. 245, art. 7, § 16, 1999 Minn. Laws 2262, 2568 (codified at Minn.Stat. § 548.091, subd. 3a).

*rel. Miller v. Dahl,* 625 N.W.2d 827, 830–31 (Minn.2001) (concluding that the applicable limitations period "lies not in which statute is supported by the more important public policy, … but rather in what the legislature intended in adopting the statutes" (citing *Cashman v. Hedberg,* 215 Minn. 463, 467–72, 10 N.W.2d 388, 391–93 (1943))); *Koes v. Advanced Design, Inc.,* 636 N.W.2d 352, 359–60 (Minn.App.2001) (reasoning that, despite public policy arguments supporting the application of a limitations period, no statute of limitations applied to the cause of action because the statute did not expressly state an applicable limitations period and no other reference to any other statute of repose existed). We will therefore refrain from reading a one renewal limit into section 541.04 where the Legislature has not indicated that only one renewal is permitted. *See Reiter v. Kiffmeyer,* 721 N.W.2d 908, 911 (Minn.2006) (stating that "we will not read into a statute a provision that the legislature has omitted").

Minnesota Statutes § 541.04 does not limit an action on a judgment to one renewal.

Affirmed.