*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0183**

Timothy Albert Collins,
Appellant,

vs.

EMC Insurance Companies,
Respondent.

**Filed August 4, 2014
Affirmed
Connolly, Judge**

Ramsey County District Court
File No. 62-CV-13-4035

Timothy A. Collins, Shoreview, Minnesota (pro se appellant)

Joseph F. Lulic, Hanson, Lulic & Krall, LLC, Minneapolis, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Schellhas, Judge.

# U N P U B L I S H E D   O P I N I O N

**CONNOLLY**, Judge

Pro se appellant challenges the district court's order granting summary judgment to respondent, arguing that the district court erred in determining that there is no genuine issue of material fact. We affirm.

# FACTS

Appellant Timothy Albert Collins carried automobile and homeowner's insurance policies with respondent EMC Insurance Companies. In 2012 and 2013, respondent raised appellant's insurance premium rates. Thereafter, appellant began investigating the reasons for the increase but continued to pay his premiums until he could find a different insurance provider. Through his investigation, appellant discovered that the increased rates were based on his insurance score, which is calculated using information regarding his claims history obtained from the third-party source, LexisNexis. He also discovered that the LexisNexis reporting system had incorrectly attributed other clients' insurance claims to his claim history. These errors have since been corrected. In January 2013, appellant cancelled his insurance policies with respondent and found replacement policies though another insurance provider.

On May 28, 2013, appellant filed this action in district court, claiming that respondent's underwriting of appellant's insurance policies was unreasonable because it was based on incorrect information. His cause of action included a claim for damages for infliction of emotional distress and punitive damages. Respondent moved for summary judgment and submitted the affidavit of one of its underwriters who is familiar with respondent's underwriting policies and appellant's insurance score. Her affidavit explained that the increases in appellant's premiums were not based on his claims history.

The district court granted respondent's motion for summary judgment, concluding that there was insufficient evidence to state a cause of action and that appellant's general assertions were insufficient to withstand a motion for summary judgment.

**D E C I S I O N**

Appellant argues that the district court erred by granting respondent's motion for summary judgment because appellant submitted evidence which creates a genuine issue of material fact and respondent's evidence has "no merit against [a]ppellant's evidence as stated in appellant's brief." We disagree.

"On appeal from summary judgment, we must review the record to determine whether there is any genuine issue of material fact and whether the district court erred in its application of the law." *Dahlin v. Kroening*, 796 N.W.2d 503, 504-05 (Minn. 2011). "[T]here is no genuine issue of material fact for trial when the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997). The appellate court may not weigh the evidence or make factual determinations, but it must consider the evidence in the light most favorable to the nonmoving party. *McIntosh Cnty. Bank v. Dorsey & Whitney, LLP*, 745 N.W.2d 538, 545 (Minn. 2008).

Appellant claims that he is entitled to relief because his insurance premiums increased based on respondent's reliance on incorrect information that was reported on LexisNexis. The district court construed appellant's complaint as alleging either a claim of negligence or breach of contract. To the extent that appellant is alleging a negligence claim, respondent is entitled to summary judgment when there is a complete lack of proof on any one of the four negligence elements: (1) existence of defendant's duty of care to

plaintiff, (2) defendant's breach of that duty, (3) plaintiff's injury, and (4) causation of that injury by the breach. *Schaefer v. JLE Food Sys., Inc.*, 695 N.W.2d 570, 573 (Minn. 2005). To the extent that appellant is alleging some sort of breach-of-contract claim, "[a] claim of breach of contract requires proof of three elements: (1) the formation of a contract, (2) the performance of conditions precedent by the plaintiff, and (3) the breach of the contract by the defendant." *Thomas B. Olson & Assocs., P.A. v. Leffert, Jay & Polglaze, P.A.*, 756 N.W.2d 907, 918 (Minn. App. 2008), *review denied* (Minn. Jan. 20, 2009).

The evidence shows that appellant's insurance premiums were based, in part, on his insurance score, which is calculated using information provided by LexisNexis. Each insurer has its own method for interpreting the information provided by sources like LexisNexis and for developing insurance scores. Appellant's insurance score was not based on his claims history, and appellant was informed of this fact. Appellant voluntarily cancelled his insurance policies with respondent and the mistake in appellant's LexisNexis report has been corrected. He obtained and is satisfied with replacement insurance policies. Appellant has not presented specific facts to contradict this evidence, nor has he submitted evidence to support the elements of a negligence or breach-of-contract claim. A party opposing summary judgment "may not rest upon the mere averments or denials of the adverse party's pleading but must present specific facts showing that there is a genuine issue for trial." Minn. R. Civ. P. 56.05. Because appellant has not presented evidence to create a genuine issue of material fact, we

4

conclude that the district court did not err in granting respondent's motion for summary judgment.

Appellant also argues that the district court made impermissible credibility determinations by relying on respondent's evidence and noting that appellant is pro se. Appellant is correct that "[w]eighing the evidence and assessing credibility on summary judgment is error," but here, the district court did not assess the credibility of appellant as a witness but instead determined that his claim was insufficient to withstand summary judgment. *See Hoyt Properties, Inc. v. Prod. Res. Grp.*, *L.L.C.*, 736 N.W.2d 313, 320 (Minn. 2007). We therefore conclude that the district court did not err in this respect.

**Affirmed.**