*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0966**

The Bank of New York Mellon, for the certificateholders of CWALT, Inc.
Alternative Loan Trust 2005-6CB,
Mortgage Pass-through Certificates, Series 2005-CB,
Appellant,

vs.

Wendy S. Jacobson, et al.,
Defendants,

Stewart Title Guaranty Company,
Respondent.

**Filed April 20, 2015
Affirmed
Hooten, Judge**

Mille Lacs County District Court
File No. 48-CV-11-1880

Jared M. Goerlitz, PFB Law, P.A., St. Paul, Minnesota (for appellant)

Michelle E. Weinberg, Faegre Baker Daniels LLP, Minneapolis, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Peterson, Judge; and Hooten, Judge.

UNPUBLISHED OPINION

**HOOTEN**, Judge

Appellant bank brought a negligent misrepresentation claim against its title insurer after the bank discovered that the property that the insurer covered did not contain a house, and the insurer did not discover or alert the bank to this fact. Because the parties were sophisticated business entities with no special relationship that negotiated a commercial transaction at arm's length, the insurer did not owe the bank a legally recognized duty to discover or disclose that the property lacked a house. We affirm the district court's grant of summary judgment for the title insurer.

## FACTS

Lloyd and Ione Jacobson (the parents) conveyed 15 of the 40 acres they owned in Mille Lacs County to their son and daughter-in-law, David and Wendy Jacobson (the Jacobsons). The Jacobsons then constructed a home on what they believed to be their land. The home was actually built entirely on the parents' property. The Jacobsons mortgaged their property to Voyager Bank, and respondent Stewart Title issued Voyager a title-insurance policy at closing. The closing instructions stated that, if Voyager requested a plat drawing of the lot, Stewart would review the drawing and insure Voyager against any "[u]nfiled mechanic's or materialmen's liens."

Several years later, appellant Bank of New York Mellon acquired Voyager's mortgage interest in the property shortly before the Jacobsons defaulted. Mellon initiated a foreclosure action and discovered that the property contained no house. Mellon filed two title claims with Stewart, but Stewart denied each claim because the absence of a

2

house did not affect the marketability of the property's title. Mellon amended its complaint to bring breach-of-contract claims against Stewart, arguing that Stewart failed to obtain a survey and review the plat drawing prior to closing. The district court granted Stewart summary judgment because Stewart's obligation to review the drawing ripened only if Mellon's predecessor in interest requested review, and the record lacked any evidence that Voyager made such a request. Mellon did not appeal this ruling.

Before the district court granted summary judgment on the contract claims, Mellon amended the complaint to add a negligent-misrepresentation tort. The district court did not rule on this claim when it granted Stewart summary judgment on the contract claims. In the complaint, Mellon alleged that Stewart falsely represented that it would obtain and review the plat drawing prior to closing but did not do so. It further contended that Stewart's willingness to insure against title defects misled Mellon to infer that Stewart obtained and reviewed the plat drawing prior to closing and confirmed that the value of the collateral was as Mellon had appraised it.

Stewart moved for summary judgment, arguing that Mellon's tort claim was indistinguishable from its breach-of-contract claim, and that there was no evidence that Stewart made a false statement or that Mellon justifiably relied on that statement. Mellon replied that the tort claim had been "substantially briefed" in its prior summary judgment motion on the breach-of-contract claim.

The district court heard oral argument on the matter and asked the parties whether they wanted further briefing on the issue of whether Stewart had a duty relative to the tort allegations set forth in the amended complaint. Convinced that its position had already

3

been laid out, Stewart requested that the district court "take its motion under advisement as submitted" and argued that whether Stewart had a duty of care had been sufficiently briefed because that element "is a question of law." Mellon did not object or offer supplemental briefing.

The district court granted Stewart's motion for summary judgment. It determined that any duty Stewart owed to Mellon arose out of a contractual relationship, and Stewart owed no duty under existing Minnesota law relative to Mellon's negligent-misrepresentation tort. The district court also granted Stewart summary judgment on the remaining tort elements. Mellon appeals.

## D E C I S I O N

We review the district court's decision to grant summary judgment de novo. *Minn. Laborers Health & Welfare Fund v. Granite Re, Inc.*, 844 N.W.2d 509, 513 (Minn. 2014). We analyze the record to determine if there are any factual disputes, and if there are not, we determine whether the district court properly applied the law. *Dahlin v. Kroening*, 796 N.W.2d 503, 504 (Minn. 2011). If there are no genuine disputes about any material facts and one party is entitled to judgment as a matter of law, summary judgment must be granted. Minn. R. Civ. P. 56.03.

To prevail on a negligent-misrepresentation claim, a plaintiff must demonstrate that (1) the defendant owed the plaintiff a duty of care, but (2) supplied the plaintiff with false information, which (3) the plaintiff justifiably relied on, and (4) the defendant failed to exercise reasonable care in communicating the information. *Williams v. Smith*, 820 N.W.2d 807, 815 (Minn. 2012).

4

The district court granted summary judgment after determining that Mellon could not demonstrate that Stewart owed it a duty of care because Stewart's only obligations concerning the plat drawing were contractual. The district court is correct. An alleged breach of contract may not support a tort claim when the alleged "breach of duty is indistinguishable from the breach of contract." *Hanks v. Hubbard Broad., Inc.*, 493 N.W.2d 302, 308 (Minn. App. 1992), *review denied* (Minn. Feb. 12, 1993) (quotation omitted). The test for whether the tort action is independent of the contract claim is "whether a relationship would exist which would give rise to the legal duty without enforcement of the contract promise itself." *Id.*

Mellon claims that Stewart owed it a duty to obtain and review the plat drawing and that Stewart negligently misrepresented the value of the underlying collateral by issuing a title policy without discovering or disclosing that no house was located on the property. But this purported duty arose from the title-insurance policy, and any breach of this duty was "indistinguishable" from the breach of contract. *See id.* Mellon can point to no relationship giving rise to a legal duty without enforcement of the contract. Two sophisticated business entities negotiating a commercial transaction at arm's length do not owe each other a duty not to negligently misrepresent. *See Smith v. Woodwind Homes, Inc.*, 605 N.W.2d 418, 425 (Minn. App. 2000).[1]

---

[1] Commercial parties may not *fraudulently* misrepresent facts or generally act in bad faith. *See Florenzano v. Olson*, 387 N.W.2d 168, 173–74 (Minn. 1986).

And, there is no evidence in the record of any relationship between the parties that could support Mellon's negligent-misrepresentation allegations in its amended complaint. At oral argument before this court, Mellon's counsel conceded that the parties had no special legal relationship, they were not fiduciaries, and their only professional relationship was that of contracting parties. Without one of these relationships, Mellon cannot demonstrate that Stewart owed it a duty of care necessary to support its negligent misrepresentation claim. *See Williams*, 820 N.W.2d at 817–18 (analyzing relationships necessary for sophisticated business entities negotiating a commercial transaction to be potentially liable for negligent misrepresentation).

Mellon did not attempt to rebut these legal principles on appeal. Instead, Mellon argued that the district court denied it the opportunity to adequately brief the issue of whether such duty existed and stated that it would not consider that issue in ruling on Stewart's motion for summary judgment on the tort claim. But this is not an accurate characterization of the record. Rather than stating it would not consider the issue, the district court asked whether the parties wanted further briefing on the duty issue, and if not, whether they wanted a ruling on that issue. In response, Stewart asked the district court to rule on the issue, pointing out that both parties had previously addressed the issue in conjunction with its prior summary judgment motion and that the duty issue involved a purely legal matter. Mellon neither objected to Stewart's request nor offered any supplemental briefing. On this record, it was reasonable for the district court to infer from Mellon's silence that Mellon was satisfied that its position had been sufficiently briefed.

We also note that district courts retain the "inherent power" to "dispose summarily of litigation when there remains no genuine issue as to any material fact and judgment must be ordered for one of the parties as a matter of law." *Del Hayes & Sons, Inc. v. Mitchell*, 304 Minn. 275, 280, 230 N.W.2d 588, 591–92 (1975). To exercise this power, the "same conditions must exist as would justify a summary judgment on motion of a party." *See id.* at 280, 230 N.W.2d at 592. These conditions existed because the question of whether a duty exists in a particular relationship is a question of law, *Williams*, 820 N.W.2d at 816, and the district court correctly applied the existing law. Mellon cannot demonstrate any prejudice from the district court's decision to analyze the duty element because its theory of duty fails as a matter of existing law. *See id.*

Mellon nevertheless contends that the district court's order prevented the bank from establishing facts creating a new duty outside the "four corners of the title commitment." But, at oral argument, counsel for Mellon could not identify any facts it hoped to discover to support this purely legal argument. And, to the extent that Mellon is seeking a new tort action in Minnesota, it is not for us or the district court to decide; that authority belongs to our supreme court. *Glorvigen v. Cirrus Design Corp.*, 796 N.W.2d 541, 557 (Minn. App. 2011), *aff'd*, 816 N.W.2d 572 (Minn. 2012).

Stewart does not provide information about the value of collateral; it indemnifies policy holders against defects in title. Mellon cannot sustain its argument that Stewart's willingness to cover title defects acted as an appraisal of the value of the underlying collateral. And even if it could, Mellon's claim that Stewart legally owed it the duty to disclose this appraisal is not recognized under existing Minnesota law as the two parties

are sophisticated business entities with no special legal relationship that negotiated a commercial transaction at arm's length. We affirm the district court's well-reasoned decision because Stewart is entitled to judgment as a matter of law.

**Affirmed.**