*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1174**

Temitope Raufu Ibraheem,
Appellant,

vs.

Epic Entertainment, LLC,
Respondent.

**Filed April 20, 2015
Affirmed
Chutich, Judge**

Hennepin County District Court
File No. 27-CV-12-21700

Rita Fish-Whitlock, Fish Whitlock Law Firm, P.A., Bloomington, Minnesota (for appellant)

Devin J. Murphy, Aafedt, Forde, Gray, Monson & Hager, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

In this personal injury action alleging negligence, appellant Temitope Ibraheem challenges the grant of summary judgment to respondent Epic Entertainment, LLC. He contends that the district court erred in concluding as a matter of law that Epic owed him

no duty of care and by determining that insufficient facts exist for a jury to find that Epic's acts were the proximate cause of Ibraheem's injury. Ibraheem also asserts that the district court abused its discretion when it granted Epic a limited protective order during discovery. Because Ibraheem failed to present sufficient evidence to permit a reasonable person to conclude that any alleged breach by Epic caused his injury, an essential element of his negligence claim, we affirm.

### FACTS

In June 2012, Temitope Ibraheem attended a concert of hip-hop artist DMX at Epic Nightclub in downtown Minneapolis. Epic Entertainment, LLC owned and operated the venue. During the show, an unknown assailant stabbed Ibraheem with an unknown object.

When Ibraheem first arrived at the club, a security guard patted down his jacket pockets and arms. Epic was not using a metal detector that night, considering a pat down to be preferable. During DMX's performance, security personnel ejected Ibraheem from the venue because he went up on the stage. Ibraheem reentered through the front door, which he claimed was unguarded at that time.

While Ibraheem was watching the show from the dance floor, an unknown assailant stabbed Ibraheem many times. Ibraheem does not remember the assault and did not see his attacker. No weapon was ever found. After he was stabbed, a security guard and a friend brought Ibraheem outside, where an ambulance took him to the hospital.

Epic's general manager said that ten security guards were working that evening. One guard was on the stairs to the upper level so that he could monitor the crowd on the

dance floor. The general manager first learned of the assault when a security guard radioed that an incident had occurred that required attention. No security guard observed any unruly behavior before the stabbing.

The identity of the assailant, the weapon used to assault Ibraheem, and how the assailant came to have the instrument all remain unknown.

Ibraheem sued Epic alleging negligence. Epic moved for summary judgment, arguing that Ibraheem failed to produce any evidence concerning duty, foreseeability, breach, or causation. While this motion was pending, Ibraheem sought an order compelling discovery, Epic moved for a protective order, and the district court issued an order partially preventing Ibraheem from inquiring into certain topics.

In February 2014, the district court granted Epic's motion for summary judgment. It first concluded that Epic had no duty to protect Ibraheem because Epic had no special relationship with Ibraheem and the assault itself was not foreseeable. The district court further concluded that Ibraheem's evidence on the necessary element of causation was speculative. Ibraheem appealed.

**D E C I S I O N**

Summary judgment is appropriate if no genuine issue of material fact exists and a party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. On appeal from summary judgment, this court reviews the record to determine whether any genuine issue of material fact exists and whether the district court erred in its application of the law. *Dahlin v. Kroening*, 796 N.W.2d 503, 504 (Minn. 2011). "In reviewing the record for the existence of a genuine issue of material fact, we view the evidence in the light most

3

favorable to the party against whom summary judgment was granted." *Bjerke v. Johnson*, 742 N.W.2d 660, 664 (Minn. 2007) (quotation omitted).

No genuine issue of material fact exists when "the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997). "[T]he party resisting summary judgment must do more than rest on mere averments." *Id.*

A defendant is entitled to summary dismissal of a negligence claim when "the record reflects a complete lack of proof on any of the four essential elements of the claim: (1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of the duty being the proximate cause of the injury." *Gradjelick v. Hance*, 646 N.W.2d 225, 230 (Minn. 2002). Even when a "duty to provide protection [is] recognized," a negligence claim fails if the plaintiff cannot show by a preponderance of the evidence a causal link between the defendant's conduct and the resulting harm. *Pietila v. Congdon*, 362 N.W. 2d 328, 333 (Minn. 1985).

Applying these principles here, we need not review whether Epic had a duty of care to protect Ibraheem from harm under theories of negligence per se or common law negligence because, even assuming that it did, Ibraheem's claim fails when the element of causation is analyzed. We recognize that the question of proximate cause is "normally for the jury to decide." *Roettger v. United Hosps. of St. Paul, Inc.*, 380 N.W.2d 856, 861 (Minn. App. 1986) (quotation omitted). But, upon summary judgment, "when the

4

nonmoving party bears the burden of proof on an element essential to the nonmoving party's case, the nonmoving party must make a showing sufficient to establish that essential element." *See DLH*, 566 N.W.2d at 71; *see also Schroeder v. St. Louis Cnty*., 708 N.W.2d 497, 507 (Minn. 2006) (describing substantial evidence as the "incorrect legal standard" and clarifying that "summary judgment is inappropriate if the nonmoving party has the burden of proof on an issue and presents *sufficient evidence* to permit reasonable persons to draw different conclusions").

In affirming summary judgment in a case involving allegations of inadequate security, this court stated:

> On the issue of causation, the plaintiff must produce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

*Rullman v. Fisher*, 371 N.W.2d 588, 590 (Minn. App. 1985) (quotation omitted).

Our de novo review of the record reveals insufficient probative evidence to permit a reasonable person to conclude that Epic's actions that evening proximately caused Ibraheem's injury. Rather than pointing to specific facts raising a jury question on causation, Ibraheem merely states that sufficient evidence exists for a jury to find that he was stabbed. He speculates that had Epic used a metal detector and given patrons a more thorough pat down, the stabbing would not have occurred.

Even assuming that, in exercising reasonable care, Epic should have used metal detectors or conducted a more thorough pat search of its patrons, we do not find the necessary nexus between these alleged omissions and the stabbing under the unique circumstances present here. Because neither the assailant nor the weapon was ever found, and no one, including Ibraheem, could describe the attack, proof of causation did not rise past conjecture. While the weapon could have been a metal knife, just as plausible from the record before us, the weapon could have been glass or made of some material like plastic or ceramic that a metal detector could not detect.

Moreover, nothing in the record shows the *source* of the weapon. It is plausible that it came from *within* the building and was either hidden there or found by the assailant. If that were the case, no metal detector or thorough pat-down search would prevent use of the weapon by the assailant. Even if it came from outside the building, it may have come through a different door used by employees or band members or it may have been hidden in an area, like a patron's shoe, where a thorough pat-down would not discover it.

Given these unknown factors, even viewing the evidence in the light most favorable to him, Ibraheem failed to present sufficient evidence to survive summary judgment. *See DLH*, 566 N.W.2d at 69 (stating that no genuine issue exists for trial when "'the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986))); *Pietila*, 362 N.W.2d at 333-34 (concluding that

the plaintiff's showing on causation was speculative because the record did not disclose the number of intruders or how the murders were committed).

Because Ibraheem failed to present evidence showing how the alleged breach *caused* the injury, an essential element in his negligence claim, the district court properly granted summary judgment. Because the district court's protective order did not limit Ibraheem's ability to obtain evidence on causation, the basis for our affirmance, his challenge to that order is moot and we need not address it.

**Affirmed.**