*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0219**

Anoka County Record, LLC,
Appellant,

Anoka County Record, et al.,
Plaintiffs,

vs.

Anoka County Board of Commissioners, et al.,
Respondents.

**Filed August 31, 2015
Affirmed
Willis, Judge***

Anoka County District Court
File No. 02-CV-14-3083

Carl A. Blondin, Oakdale, Minnesota (for appellant)

Anthony C. Palumbo, Anoka County Attorney, Andrew T. Jackola, Assistant County Attorney, Anoka, Minnesota (for respondents)

Considered and decided by Hudson, Presiding Judge; Worke, Judge; and Willis, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WILLIS**, Judge

Appellant challenges the district court's grant of summary judgment to respondents in appellant's action claiming that respondent county board abused its discretion in the award of contracts for legal publications. We affirm.

**FACTS**

In late 2013, respondent Anoka County Board of Commissioners issued a public request for bids for seven publication contracts. In its instructions to bidders, the county board "reserve[d] the right to award in whole or in part, by item, group of items, or by section where such action serves the County's best interests." It provided that each bidder "may submit a bid on one or multiple sections." The bid request stated that "[t]he bid award will be made to the lowest responsible, responsive vendor meeting all terms, conditions and specifications of the bid documents," including "unit bid price." For each publication contract on which a bidder chose to bid, the bidding form required specification of a unit price.

Appellant Anoka County Record, LLC, submitted a flat-rate $32,500 bid for five publications. The county board rejected this bid as nonconforming because it did not specify unit prices. The Record then submitted a second set of bids containing unit prices for each of five publications. But the bids also directed the county board to "see Attachment A" after each unit-price bid. Attachment A, in turn, provided that the overall

2

bids were submitted for four publications[1] "as a package offer" and "will not apply to any less than an award of these four sections."

The Record's bids for three publications were the low bids, but another bidder submitted the low bid for a fourth publication on which the Record had bid. Because the Record was not the low bidder on the fourth publication and because the Record had made its bids an all-or-nothing proposition, the county board awarded the four contracts to another vendor. At a committee meeting of the county's board of commissioners, the county administrator stated that "we have interpreted that [provision] to mean that unless the Record got all four sections their bids are not valid." The county administrator agreed with a commissioner's statement that this provision "essentially disqualified" the Record.

The Record protested the county board's contract awards and appealed the county board's response. An assistant county attorney denied the appeal in March 2014. The Record brought an action in district court against respondents the Anoka County Board of Commissioners and the chair of the county board, requesting a declaratory judgment that the county board's contract awards were void and for reimbursement of its bid-preparation expenses. The district court granted respondents' motion for summary judgment.

---

[1] Although the Record submitted bids on five publications, Attachment A provided that two of the bids were options from which the county board could select one or the other, but not both. In its bid analysis, the county board noted that such an arrangement was required by statute. *See* Minn. Stat. § 375.17, subds. 1, 3 (2014) (requiring publication of county financial statements in two different newspapers).

## D E C I S I O N

The Record challenges the district court's grant of summary judgment to respondents. We review de novo a district court's grant of summary judgment, determining "whether there is any genuine issue of material fact and whether the district court erred in its application of the law." *Dahlin v. Kroening*, 796 N.W.2d 503, 504 (Minn. 2011).

The Record contends that the district court erred by failing to require the county board to award contracts to the lowest responsible bidder. Awarding a contract is a discretionary act by a county's governing authorities. *See Nielsen v. City of Saint Paul*, 252 Minn. 12, 18, 88 N.W.2d 853, 858 (1958). Once a county elects to use a competitive bidding process for a contract, it must "pursue such a method in a manner reasonably designed to accomplish its normal purpose of giving all contractors an equal opportunity to bid and of assuring to the taxpayers the best bargain for the least money." *Griswold v. Ramsey Cnty.*, 242 Minn. 529, 535, 65 N.W.2d 647, 652 (1954). We review a county board's contract awards to "determine whether officials in the exercise of their discretion have applied the method used in an arbitrary, capricious, or unreasonable manner." *Id.* at 535, 65 N.W.2d at 651-52.

The Record argues that the county board abused its discretion by strictly applying a per-publication, lowest-bidder standard instead of analyzing the Record's package bid for four publications against the aggregate cost of other bids for those same four publications. If the county board had employed this alternative analysis, the Record contends, it would have been the lowest bidder on the work on which it bid. The Record

4

does not dispute that the county board required unit-price bids, but it cites *Nielsen* to contend that its "package offer" provision was a minor defect that the county board could ignore. *See* 252 Minn. at 20-21, 88 N.W.2d at 859 ("Mere irregularity of a bid will not justify its rejection by a municipal body charged with a duty of awarding a contract to the lowest bidder." (quotation omitted)). The Record cites no authority, however, requiring that a county board that has required unit-price bids for a series of related contracts analyze them in various combined "packages" to determine which combination would result in the lowest overall cost. Indeed, such a process would be extremely burdensome, if not impossible, because of the number of potential combinations of bids.

The Record's proposed method for analyzing bids also would undermine the competitive-bidding process. When applying a chosen bid process, a county board has discretion to waive bid defects "if public rights are not thereby prejudiced." *Tel. Assocs., Inc. v. St. Louis Cnty. Bd.*, 364 N.W.2d 378, 382 (Minn. 1985). But it has "no authority to waive defects which affect or destroy competitive bidding." *Id.* "The test of whether a variance is substantial is whether it gives a bidder a substantial advantage or benefit not enjoyed by other bidders." *Id.* (quotation omitted). The Record argues that its "package offer" was a minor defect that gave it no advantage. We disagree. The Record initially submitted a flat-rate bid, which the county board rejected as nonconforming. By submitting "package offer" bids, the Record in essence attempted to resubmit its flat-rate bid in a somewhat different form. No other bidder was allowed to submit a flat-rate bid, and the county board's rejection of the Record's first bid demonstrates that such an option was not open to bidders.

5

We note that flat-rate bidding provides a bidder benefits when competing against unit-price bidders.  The flat-rate bidder has the advantage of using lower bids on some portions of the work to offset its higher bids on other portions.  Indeed, that is precisely what the Record's bids did, carrying over the combined benefit of its lower bids on three publications to offset the effect of its higher bid on the fourth.  To allow the Record to enjoy the benefit of a flat-rate bid while other bidders complied with the county board's requirement that bidders submit only unit-price bids on individual contracts would give the Record a benefit not enjoyed by other bidders.  We therefore conclude that the county board did not abuse its discretion in the method it employed to analyze the bids and that the district court therefore did not err by granting summary judgment to respondents.

**Affirmed.**