*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0782**


Kenneth H. Zimmermann, et al.,
Appellants,

Gary C. Berndt, et al.,
Appellants,


vs.


Sauk River Watershed District,
Respondent.


**Filed February 16, 2016
Reversed and Remanded
Halbrooks, Judge**


Stearns County District Court
File No. 73-CV-14-7957

William G. Peterson, Peterson Law Office, LLC, Bloomington, Minnesota; and

Anthony J. Weigel, Paul Jeddeloh, Jeddeloh & Snyder, P.A., St. Cloud, Minnesota (for appellants)

John C. Kolb, Rinke Noonan, St. Cloud, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Peterson, Judge; and

Reyes, Judge.

UNPUBLISHED OPINION

**HALBROOKS**, Judge

Appellants Kenneth H. Zimmerman, Julie A. Zimmerman, Gary C. Berndt, and Mary Jo Berndt challenge the district court's grant of summary judgment to respondent Sauk River Watershed District (SRWD). Because we conclude that the district court erred as a matter of law by granting summary judgment, we reverse and remand.

## FACTS

In December 1988, the Stearns County Board of Commissioners established Stearns County Ditch 51 (Ditch 51) after a petition was filed in accordance with Minn. Stat. §§ 106A.005-.811 (1988).[1] In 2001, the board of commissioners transferred authority over Ditch 51 to SRWD in accordance with Minn. Stat. § 103D.625 (2014). At that point, SRWD became the drainage authority for Ditch 51.

In April 2012, two benefitted landowners approached SRWD, concerned that portions of Ditch 51 were in need of repair. These landowners did not file a formal petition. In May 2012, SRWD inspected Ditch 51 for damage and subsequently directed staff to work with an engineer to determine the scope of work required to address any necessary repairs. During regular informal meetings throughout the remainder of 2012, SRWD received updates on the costs of repairs and authorized various other steps in furtherance of the process to begin repair work on Ditch 51. It also held special informational meetings during which landowners assisted in identifying additional areas

---

[1] Chapter 106A was repealed and renumbered as chapter 103E in 1990. 1990 Minn. Laws, ch. 391, art. 10, § 4, at 751-53.

of Ditch 51 in need of repair. SRWD directed the engineer to conduct a more comprehensive investigation of the repair requirements with instructions to prepare an updated cost analysis. This process continued through the early months of 2013, and during the pendency of the repair proceedings, SRWD determined that there were no grass buffer strips alongside portions of Ditch 51. SRWD further determined that, although the issue of grass buffer strips was considered in 1988 at the time of the original petition for the construction of the drainage system, they had never been established. In other words, the land for buffer strips had never been acquired and compensation had never been paid to the landowners, including appellants. When Ditch 51 was established, appellants were paid only for the "approximately 12 acres of land required for the open ditch and not for the additional, approximately 16 acres required for grass buffer strips."

In Fall 2013, SRWD determined that "the establishment of one-rod grass buffer strips was required by operation of statutes section 103E.021 in the original proceedings to establish [Ditch 51]." It ordered the acquisition of grass buffer strips adjacent to all open channel portions of Ditch 51 as part of the general repairs initiated in 2012. In August 2014, SRWD issued a final order to acquire the one-rod grass buffer strips from appellants in accordance with Minn. Stat. § 103E.021 (2014), adopting the appraiser's damages valuations obtained through a mass appraisal and directing payments of damages to affected landowners.

In September 2014, appellants filed an appeal with the Stearns County District Court, claiming that (1) the amount of damages awarded was not adequate, (2) the procedure of conducting a mass appraisal constituted a constitutional takings violation,

3

(3) SRWD failed to follow acquisition procedures as mandated by Minn. Stat. §§ 103D.001-.925 (2014) (chapter 103D), (4) the lands to be acquired were not properly described as required, and (5) proper notice was not given to all affected landowners. Appellants filed their appeal with the district court pursuant to Minn. Stat. § 103D.535, which requires an appeal to be filed within 30 days of the final order. Appellants served the SRWD attorneys with notice of the appeal but did not serve the county auditor.

SRWD moved the district court for a dismissal based on a lack of subject-matter jurisdiction and for attorney fees. SRWD argued that appellants appealed under the incorrect statutory chapter. SRWD asserted that acquisition of grass buffer strips constituted a drainage project that falls under the auspices of Minn. Stat. §§ 103E.005-.812 (2014) (chapter 103E), and as such, appellants' failure to provide notice to the county auditor as required by Minn. Stat. § 103E.091 divested the district court of jurisdiction. The district court granted SRWD's motion for summary judgment based on lack of subject-matter jurisdiction but denied its request for attorney fees. This appeal follows.

**D E C I S I O N**

Summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law." Minn. R. Civ. P. 56.03. "On appeal from summary judgment, we must review the record to determine whether there is any genuine issue of material fact and whether the district court erred in its application of the law." *Dahlin v.*

4

*Kroening*, 796 N.W.2d 503, 504-05 (Minn. 2011). "We review a district court's summary judgment decision de novo." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). Appellate courts view the evidence in the light most favorable to the non-moving party. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993). "[T]he party resisting summary judgment must do more than rest on mere averments." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997).

Appellants maintain that the district court erred by analyzing SRWD's actions under chapter 103E, arguing that the absence of a formal petition to acquire grass buffer strips in 2013 precludes the application of chapter 103E to this appeal. SRWD asserts that chapter 103E is the appropriate governing chapter and that appellants' failure to provide notice to the county auditor as required by Minn. Stat. § 103E.091, subd. 2 divests the district court of jurisdiction.

Chapters 103D and 103E are interrelated components of Minnesota water law and should be construed together. *Minch v. Buffalo-Red River Watershed Dist.*, 723 N.W.2d 483, 487 (Minn. App. 2006), *review denied* (Minn. Jan. 24, 2007). Chapter 103D "governs the [broad] administrative powers and operations of watershed districts" for purposes of land-use planning, flood control, and other conservation projects. *Id.*; *see* Minn. Stat. § 103D.201. Chapter 103E focuses more narrowly on drainage authorities and "governs the proceedings by which new drainage systems are constructed and existing ditches are maintained by drainage authorities such as county boards or watershed districts." *Minch*, 723 N.W.2d at 487.

When Stearns County transferred authority over Ditch 51 to SRWD in 2001, SRWD gained statutory authority over all proceedings for repair and maintenance. "After the transfer is ordered, all proceedings for repair and maintenance must conform to chapter 103E, except for repairs and maintenance done pursuant to section 103D.621, subd. 4." Minn. Stat. § 103D.625, subd. 3. Section 103D.621 is a special section that addresses the particular issues involved with drainage-system improvements or repairs within the seven-county metropolitan area. Under this section, metropolitan counties are defined as Anoka, Carver, Dakota, Hennepin, Ramsey, Scott, and Washington. Minn. Stat. § 103D.621, subd. 2(d). Stearns County Ditch 51 does not fall wholly or partially within the combined metropolitan area. Therefore, any actions taken on behalf of SRWD as the drainage authority must comply with the provisions of chapter 103E as dictated by Minn. Stat. § 103D.625, subds. 3-4.

Appellants argue that even if chapter 103E governs, their failure to provide notice to the county auditor did not divest the district court of jurisdiction because it was a non-fatal technical defect. The relevant statute provides that

> [t]he appellant must file a notice of appeal with the auditor within 30 days after the order to be appealed is filed. The notice must state the particular benefits or damages appealed and the basis for the appeal. Within 30 days after the notice is filed, the auditor must file the original notice with the court administrator of the district court.

Minn. Stat. § 103E.091, subd. 2(b). We do not agree that this is merely a technical defect.

Appellants' failure to serve the county auditor is a type of defect that would divest the district court of jurisdiction. But this would only be true if the matter were properly before the district court from the outset. Here, SRWD failed to establish jurisdiction over the buffer-strip proceeding by failing to properly commence it. This renders appellants' failure to serve the county auditor moot.

SRWD concedes that the county never acquired the grass buffer strips in 1988, but maintains that Minn. Stat. § 103E.021, subd. 6 allows the district to incrementally install buffer strips, even when the land was not properly acquired during the establishment of the ditch. We disagree. Minn. Stat. § 103E.021, subd. 6 was enacted in 2007 and pertains to the incremental implementation of vegetative buffer strips along drainage systems "where necessary to control erosion and sedimentation." Minn. Stat. § 103E.021, subd. 6. SRWD argues that this statute provides it with a jurisdictional mechanism to relate the establishment of a buffer strip back to any original proceeding. SRWD clarified its position at oral argument by asserting that the establishment of these ditch buffer zones is a "proceeding" that relates back to the original petition filed by benefitted landowners in 1988, maintaining that because the ditch buffer strips were never completed, they can now do so through the enactment of Minn. Stat. § 103E.021, subd. 6. But this court has determined that

> [a] drainage authority does not retain perpetual jurisdiction to conduct drainage proceedings in its demesne but must instead follow the prescribed statutory procedures to establish jurisdiction over each individual proceeding. In order to successfully establish jurisdiction over a drainage proceeding, the drainage authority must strictly comply with statutory procedures for commencing the proceeding.

7

*In re Bd. of Managers of Bois de Sioux Watershed*, 818 N.W.2d 583, 586-87 (Minn. App. 2012) (citations omitted).

The statute mandates that "[d]rainage system rights-of-way for the acreage and additional property required for the permanent strips must be acquired by the authority having jurisdiction." Minn. Stat. § 103E.021, subd. 6(a). We find nothing in the statute to support a contention that SRWD retains perpetual jurisdiction over an original proceeding that dates back more than 25 years. SRWD was required to obtain jurisdiction over appellants' land when it authorized the acquisition of grass buffer strips in conjunction with repairs to Ditch 51 in 2013. Its failure to do so rendered the acquisition statutorily unlawful.

The district court granted summary judgment to SRWD based on appellants' failure to properly perfect their appeal by serving the county auditor as required under Minn. Stat. § 103E.091. But SRWD never acquired jurisdiction over the "acreage and additional property required for the permanent strips" as required under Minn. Stat. § 103E.021, subd. 6(a). Because we conclude that (1) SRWD did not retain perpetual jurisdiction over the buffer strips based on the original 1988 proceeding and (2) SRWD has not otherwise acquired jurisdiction to implement grass buffer strips on appellants' land, we reverse and remand to the district court.

**Reversed and remanded.**