LILLEHAUG, Justice
(concurring).
Minnesota Statutes . § 253B.23, subd. 4 (2014), part of .the Minnesota Commitment *555 and Treatment Act (CTA), provides, in relevant part:
All persons acting in good faith, upon either actual knowledge or information thought by them to be reliable, who act pursuant to any provision of this chapter or who procedurally or physically assist in the commitment of any individual, pursuant to this chapter, are not subject to any civil or criminal liability under this chapter.
The words “any civil ... liability under this chapter” (emphasis added) seem to meán that defendants have immunity from causes of action created by the CTA or based on it (such as a claim of negligence per se). I see nothing in subdivision 4 that grants immunity from garden-variety professional negligence claims — those alleging breach of the standard of care in the diagnosis or treatment of mental illness.
We assume that statutes do not abrogate common law rights and remedies. “We have ... long presumed that statutes are consistent with the common law, and if a statute abrogates the common law, the abrogation must be by express wording or necessary implication.” Ly v. Nystrom, 615 N.W.2d 302, 314 (Minn.2000). This presumption typically is applied before we determine whether a statute is ambiguous. See, e.g., Dahlin v. Kroening, 796 N.W.2d 503, 505-06 (Minn.2011); Wirig v. Kinney Shoe Corp., 461 N.W.2d 374, 377-78 (Minn.1990). And “[w]e have held that statutorily created immunity should be-construed narrowly.” Bol v. Cole, 561 N.W.2d 143, 147 (Minn.1997). Subdivision 4 does not contain an express abrogation of, or express immunity from, common-law claims of professional negligence.
Notwithstanding my reading of subdivision 4, I respectfully concur rather than dissent. As the court explains in footnote 2, the meaning of the phrase “civil ... liability under this chapter” was not argued by either party and, at oral argument, appellant’s counsel, expressly declined to rely on it.[1] Fortunately, the opinion of the court does not foreclose such an argument and, therefore, the issue awaits another case.