STATE of Minnesota, by its Attorney General, Hubert Humphrey, III, and its Minnesota Pollution Control Agency, Petitioners, Respondents,

v.

MODERN RECYCLING, Incorporated, et al., Appellants.

No. C5–96–1336.

Court of Appeals of Minnesota.

Feb. 11, 1997.

Hubert H. Humphrey, III, Attorney General, Adonis A. Neblett, Assistant Attorney General, St. Paul, for Respondents.

Wayne B. Holstad, Holstad and Larson, P.L.C., St. Paul, for Appellants.

Considered and decided by PETERSON, P.J., and PARKER and WILLIS, JJ.

## OPINION

PETERSON, Judge.

Respondent Minnesota Pollution Control Agency (MPCA) issued an administrative penalty order (APO) against appellant Modern Recycling, Inc. Modern did not request an administrative hearing to challenge the APO, and the attorney general petitioned the district court to file the APO as a court order. Based on its conclusions that MPCA followed statutory procedures for issuing an APO and that appellant Roger DuPaul was personally liable to pay the penalty assessed against Modern, the district court ordered the entry of judgment against Modern and DuPaul in the amount of the penalty assessed against Modern by the APO. This appeal is from the judgment entered pursuant to the district court's order. We affirm in part and reverse in part.

## FACTS

DuPaul is the owner, operator, and chief executive officer of Modern, a salvage facility. On August 10, 1994, Troy Johnson, a MPCA employee, conducted an inspection of Modern. Johnson stated in an affidavit that he observed and documented violations of statutes governing the handling of chlorofluorocarbons (CFCs) when processing automobiles for salvage and when processing scrap refrigerators, freezers, and air conditioning units. On October 18, 1994, Johnson sent DuPaul a request for information that identified the alleged violations.

On January 11, 1995, MPCA issued an APO against Modern. The APO named only Modern and alleged that Modern had violated three statutes governing the handling of CFCs. The APO assessed an $8,500 penalty against Modern for the violations.

A party may challenge an APO by requesting an administrative hearing or by filing a petition for trial in the district court. Minn. Stat. § 116.072, subds. 6, 7 (1994). Modern did not challenge the APO within 30 days after receiving it. When a party does not challenge an APO within 30 days after receipt, the penalty becomes due and payable on the 31st day after receipt if the party has failed to correct the violation or to take appropriate steps to do so. Minn.Stat. § 116.072, subd. 5(a)(1) (1994). The attorney general may enforce an APO that is due and payable by petitioning the district court to file the APO as a district court order. Minn. Stat. § 116.072, subd. 9(a)-(b) (1994).

On November 22, 1995, the attorney general filed a petition in district court requesting that the court file the APO as a court order. The petition named both Modern and DuPaul as parties. Following a hearing, the district court determined that MPCA followed statutory procedures for issuing an APO, that DuPaul received proper notice, and that DuPaul was personally liable to pay the penalty assessed against Modern. Judgment in the amount of $8,500 was entered against DuPaul and Modern.

## ISSUES

I. Did the district court err in determining that DuPaul was personally liable to pay the APO under the responsible corporate officer doctrine?

II. Did the issuance and enforcement of the APO against Modern violate appellants' constitutional due process rights to notice and a hearing?

## ANALYSIS

### I.

A district court's findings of fact will not be set aside unless they are clearly erroneous. Minn. R. Civ. P. 52.01. But its deci-

sions on questions of law are subject to de novo review. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). Statutory construction is a question of law subject to de novo review. *Doe v. Minnesota State Bd. of Medical Examiners,* 435 N.W.2d 45, 48 (Minn. 1989).

■ The district court concluded that DuPaul was personally liable under the responsible corporate officer doctrine to pay the penalty assessed against Modern in the APO. A corporate officer may be held personally liable under the responsible corporate officer doctrine for certain corporate acts provided three elements are present:

> (1) the individual must be in a position of responsibility which allows the person to influence corporate policies or activities; (2) there must be a nexus between the individual's position and the violation in question such that the individual could have influenced the corporate actions which constituted the violations; and (3) the individual's actions or inactions facilitated the violations.

*In re Dougherty,* 482 N.W.2d 485, 489–90 (Minn.App.1992), *review denied* (Minn. June 10, 1992).

■ DuPaul argues that he should not have been held personally liable under the responsible corporate officer doctrine because the APO named· Modern only. We agree. DuPaul was not named as a party until the attorney general filed a petition in the district court under Minn.Stat. § 116.072, subd. 9(a)-(b) (1994), to enforce the APO against Modern by filing it as a court order. At a hearing on a petition to enforce an APO by filing it as a court order, "the only issues parties may contest are procedural and notice issues." Minn.Stat. § 116.072, subd. 9(b). DuPaul's liability under the responsible corporate officer doctrine is not a procedural or notice issue. Determining the applicability of the responsible corporate officer doctrine would require fact findings on DuPaul's role and responsibilities at Modern. This is an issue to be resolved if a party challenges an APO within 30 days after receiving it. *See* Minn.Stat. § 116.072, subd. 7(a)-(b) (1994) (when person challenges APO within 30 days after receipt by filing a petition in district court, commissioner must prove at trial who is responsible for violation); *Dougherty,* 482 N.W.2d at 488 (liability of corporate president under responsible corporate officer doctrine considered on appeal from commissioner's order issued pursuant to Minn.Stat. § 116.072, subd. 6(a) (1990)). By adding DuPaul's name to the petition before the district court, the attorney general attempted to amend the APO. Because only procedural and notice issues may be raised at a hearing to enforce an APO by filing it as a district court order, any amendments to an APO must occur at an earlier stage in the proceedings.

## II.

Because we have determined that DuPaul improperly was added as a party at an inappropriate stage in the proceedings, we do not reach the issue of whether he received adequate notice that he could be held personally liable.

■ Appellants did not present to the district court the remaining due process arguments they make on appeal. Constitutional issues not presented to the district court will not be considered for the first time on appeal. *St. Paul Citizens for Human Rights v. City Council,* 289 N.W.2d 402, 407 (Minn. 1979). We will not review an issue raised generally before the district court, but argued under a new theory on appeal. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). We, therefore, decline to consider the due process arguments raised by appellants for the first time on appeal.

■ Finally, appellants list a third issue in the issues section of their brief but do not provide any analysis or argument to support their position on the issue.

> An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection.

*Schoepke v. Alexander Smith & Sons Carpet Co.,* 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971). No error violating principles of waiver, estoppel, and laches is obvious on mere inspection.

## DECISION

The district court erred in addressing the issue of DuPaul's personal liability under the responsible corporate officer doctrine to pay the penalty assessed against Modern in the APO. We reverse the judgment against DuPaul personally. Having declined to address the remaining issues raised by appellants, we will not disturb the judgment against Modern.

**Affirmed in part and reversed in part.**