**David Christopher EMBREE,
et al., Appellants,**

**v.**

**U.S. BANK NATIONAL ASSOCIATION,
as trustee for structured asset investment loan trust, mortgage pass-through certificates, series 2006–BNC3, Respondent.**

No. A12–1618.

Court of Appeals of Minnesota.

March 18, 2013.

Richard W. Curott, Curott & Associates, Milaca, MN, for appellants.

Calvin P. Hoffman, Leonard Street and Deinard, Minneapolis, MN, for respondent.

Considered and decided by HUDSON, Presiding Judge; STONEBURNER, Judge; and KIRK, Judge.

**OPINION**

STONEBURNER, Judge.

Appellants, homeowners, challenge the district court's grant of summary judgment dismissing their challenge to the validity of a foreclosure by advertisement. Appellants assert that material facts exist about whether the respondent mortgagee complied with the requirement of Minn. Stat. § 580.05 that the authority of a mortgagee's attorney-in-fact be recorded. Appellants assert that when an attorney-in-fact's authority is evidenced by a limited power of attorney, the statutory recording requirement is not met by filing the limited power of attorney without also record-

ing evidence that all limitations in the power of attorney have been met.

## FACTS

In November 2003, respondent U.S. Bank National Association, as trustee for structured asset investment loan trust, mortgage pass-through certificates, series 2006–BNC3 (U.S. Bank), recorded in Sherburne County a limited power of attorney, appointing the predecessor of Chase Home Finance LLC (Chase) as U.S. Bank's attorney-in-fact for mortgages held by U.S. Bank and authorizing Chase to collect debts belonging to U.S. Bank by use of any lawful means for recovery of such debt.

In August 2009, appellants David C. and Kristie M. Embree (the Embrees) stopped making payments and were in default on the mortgage they had granted in 2006 to secure the loan on their home, which is located in Sherburne County. In 2010, U.S. Bank owned the Embrees' mortgage, having acquired it through a series of properly recorded mortgage assignments.

On October 13, 2010, Chase recorded in Sherburne County a notice of pendency of proceeding and power of attorney to foreclose mortgage, reciting that Chase, as attorney-in-fact for U.S. Bank, employed the law firm of Peterson, Fram, and Bergman (law firm) to foreclose the Embrees' mortgage. Law firm proceeded with foreclosure by advertisement, and the property was sold to U.S. Bank at a sheriff's sale on December 6, 2010.

In June 2011, the Embrees initiated an action in district court, challenging the validity of the foreclosure. The Embrees argued that Chase failed to satisfy the foreclosure-by-advertisement statutory requirement that the authority of a mortgagee's attorney-in-fact be recorded, rendering the foreclosure invalid. The district court granted summary judgment to U.S. Bank, and this appeal followed.

## ISSUE

Does recording a limited power of attorney that authorizes a mortgagee's attorney-in-fact to perform all acts necessary to collect debts on behalf of the mortgagee required or permitted by related servicing agreements, satisfy the requirement of Minn.Stat. § 580.05 (2012) that, in a foreclosure-by-advertisement proceeding, the authority of a mortgagee's attorney-in-fact "be evidenced by recorded power"?

## ANALYSIS

### I. Standard of review

"On appeal from summary judgment, we must review the record to determine whether there is any genuine issue of material fact and whether the district court erred in its application of the law." *Dahlin v. Kroening,* 796 N.W.2d 503, 504 (Minn.2011). "[W]hen the nonmoving party bears the burden of proof on an element essential to the nonmoving party's case, the nonmoving party must make a showing sufficient to establish that essential element." *DLH, Inc. v. Russ,* 566 N.W.2d 60, 71 (Minn.1997) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). We conduct a de novo review of the district court's summary judgment decision. *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC,* 790 N.W.2d 167, 170 (Minn. 2010). "[T]he reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). "When the district court grants a summary judgment based on its application of statutory language to the undisputed facts of a case, ... its conclusion is one of law and our review is

*de novo." Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855, 856 (Minn.1998).

## II. Recording requirement of Minn. Stat. § 580.05

Minn.Stat. § 580.05 provides:

> When an attorney at law is employed to conduct [foreclosure by advertisement], the authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, and recorded prior to the sale in the county where the foreclosure proceedings are had. *If such attorney be employed on behalf of such mortgagee or assignee by an attorney in fact, the attorney's authority shall likewise be evidenced by recorded power.*

(Emphasis added.)

The Embrees do not dispute that, prior to the sale, (1) U.S. Bank executed and recorded in Sherburne County a limited power of attorney appointing Chase as attorney-in-fact, which authorized Chase to execute documents to "[d]emand, sue for, recover, collect and receive each and every sum of money, debt, account and interest ... belonging to or claimed by U.S. Bank,"[1] and (2) Chase executed and recorded the notice of pendency of proceeding and power of attorney to foreclose mortgage on October 13, 2010, which authorized the law firm to foreclose on the

property and ultimately led to the sheriff's sale of their home in December 2010.

■ But the Embrees argue that the limited power of attorney filed in this case is, as a matter of law, insufficient to establish Chase's authority to act as attorney-in-fact with regard to foreclosure by advertisement of their mortgage. The Embrees assert that to establish such authority, Chase needed to record a servicing agreement or some other evidence of its authority over their mortgage. The Embrees assert that, because nothing was recorded to establish Chase's authority over their mortgage, "[t]he proper authority is not of record" as required by the statute, and "the foreclosure sale is, consequently, void."[2]

Whether recording a limited power of attorney satisfies the requirement that a mortgagee's attorney-in-fact's authority to employ an attorney-at-law to proceed with foreclosure by advertisement involves statutory interpretation and presents a question of law reviewed de novo. *See Lefto,* 581 N.W.2d at 856; *see also Jackson,* 770 N.W.2d at 496 (employing statutory construction to determine that the foreclosure-by-advertisement statutes do not require that a promissory note assignment be recorded before foreclosing by advertisement the mortgage associated with that promissory note).

■ Minn.Stat. § 580.05 provides, in relevant part, that the authority of an at-

---

**1.** At oral argument on appeal, the Embrees clarified that their challenge is not based on the fact that the limited power of attorney was filed several years prior to foreclosure of their mortgage. Their challenge is that the limited power of attorney recorded does not, standing alone, authorize Chase to act on behalf of U.S. Bank with regard to their mortgage. *See Molde v. CitiMortgage, Inc.,* 781 N.W.2d 36, 43 (Minn.App.2010) (holding that an attorney-in-fact acting under a limited power of attorney recorded prior to the mortgage it sought

to foreclose did not violate Minn.Stat. § 580.05).

**2.** The parties do not dispute that "[b]ecause foreclosure by advertisement is a purely statutory creation, the statutes are strictly construed," and "[i]f the foreclosing party fails to strictly comply with the statutory requirements, the foreclosure proceeding is void." *Jackson v. Mortg. Elec. Registration Sys., Inc.,* 770 N.W.2d 487, 494 (Minn.2009).

torney-at-law employed to conduct a foreclosure by advertisement "shall appear by power of attorney ... recorded prior to the sale" and that the authority of a mortgagee's attorney-in-fact "shall likewise be evidenced by recorded power." The language of the statute unambiguously requires recording of the "authority." *See* Minn.Stat. § 645.44, subd. 16 (2012) (stating that " '[s]hall' is mandatory"). The statute does not, however, require the recording of additional documents referenced in the "power." We find no merit in the Embrees' assertion that the recording requirement of Minn.Stat. § 580.05 was not met in this case by recording the limited power of attorney that gave Chase authority to act on U.S. Bank's behalf, and we hold that recording the power to act, even if embodied in a limited power of attorney, fulfills the requirement that the authority of the mortgagee's attorney-in-fact be recorded.[3]

### III. Interpretation of limited power of attorney

■ The Embrees also argue that even if the limited power of attorney met the recording requirement of Minn.Stat. § 580.05, the reference to loans "held" by U.S. Bank limits the application of the power to obligations held at the time the limited power of attorney was executed. "Absent ambiguity, the interpretation of a contract is a question of law." *Roemhildt v. Kristall Dev., Inc.,* 798 N.W.2d 371, 373 (Minn.App.2011), *review denied* (Minn. July 19, 2011).

The limited power of attorney grants Chase authority to execute all documents necessary for tasks described. The first task is:

> Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is or hereafter shall become due and payable) belonging to or claimed by [U.S. Bank], and to use or take any lawful means for recovery by legal process or otherwise.

Because the limited power of attorney unambiguously gives Chase authority over future debts and over all debts belonging to or claimed by U.S. Bank, we find no merit in the Embrees' assertion that it cannot apply to their debt.

■ On appeal, the Embrees assert that "[t]he authority of an agent is generally a question of fact for the jury" and that "[a]t a minimum, the limited power of attorney creates factual issues as to whether or not U.S. Bank had the authority to act under servicing agreements connected with the Embree mortgage, or to act on loans not held by U.S. Bank in 2003." It does not appear that this argument was asserted in the district court, and the district court's order does not address this issue. Generally we will not consider matters not argued to and considered by the district court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). Additionally, the issue is insufficiently briefed on appeal to permit review. *See State v. Modern Recycling, Inc.,* 558 N.W.2d 770, 772 (Minn.App.1997) (stating that an assignment of error in a brief only based on assertion and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection).

---

**3.** We note that fulfilling the recording requirement does not preclude a challenge to the authority of the attorney-in-fact based on evidence of lack of authority. But, in this case, the Embrees do not assert that they have any evidence that Chase lacked the authority to proceed on their mortgage: their challenge is limited to the sufficiency of the authority recorded.

## DECISION

As a matter of law, recording the limited power of attorney authorizing Chase to act as attorney-in-fact for U.S. Bank satisfied the recording requirement of Minn.Stat. § 580.05 regarding an attorney-in-fact, and the district court did not err in concluding that the Embrees did not present any genuine issues of material fact that would preclude summary judgment to U.S. Bank on their challenge to the validity of the foreclosure by advertisement.

**Affirmed.**