*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1577**

Mario Ferbo Mancini, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 13, 2015
Affirmed; motions denied
Connolly, Judge**

Ramsey County District Court
File Nos. 62-K0-02-004361, 62-K2-02-004314

Mario Ferbo Mancini, Sandstone, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney,
St. Paul, Minnesota (for respondent)

        Considered and decided by Worke, Presiding Judge; Peterson, Judge; and

Connolly, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

In this pro se postconviction appeal, appellant argues that the postconviction court abused its discretion by summarily denying his petition for postconviction relief. We affirm.

## FACTS

On November 25, 2002, the state charged appellant Mario Mancini with third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(c) (2002). The state later amended the charge to second-degree criminal sexual conduct in violation of Minn. Stat. § 609.343, subd. 1(h)(iii) (2002) and added a charge of third-degree criminal sexual conduct involving a different victim in violation of Minn. Stat. § 609.344, subd. 1(b) (2002). Shortly thereafter, appellant was charged with an additional count of third-degree criminal sexual conduct. When the state brought these charges against him, appellant was on probation for a 1992 conviction.

On March 25, 2003, appellant pleaded guilty to one count of second-degree criminal sexual conduct and one count of third-degree criminal sexual conduct. The state agreed to dismiss one count of third-degree criminal sexual conduct and to not pursue a separate child pornography charge.

On July 1, 2003, appellant moved to withdraw his guilty plea, arguing that a county investigator attempted to manipulate his case to allow federal authorities to prosecute him for other offenses. The district court denied this motion. Appellant again moved to withdraw his plea when he realized that the district court intended to impose

consecutive sentences for each conviction. The district court denied this motion and sentenced appellant to 38 months in prison on the third-degree criminal sexual conduct conviction to run concurrent with the probation-violation sentence, and to a consecutive 90-month prison sentence for his conviction of second-degree criminal sexual conduct.

Appellant filed a direct appeal to this court, seeking modification of his sentence. *See State v. Mancini*, No. A03-1455, 2004 WL 1661916 (Minn. App. July 27, 2004). We concluded that appellant was not entitled to modification. *Id.* Following the United States Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), the Minnesota Supreme Court vacated our opinion and remanded to this court for reconsideration. On remand, appellant argued that the district court violated his Sixth Amendment right to a jury by including a custody-status point in his criminal-history score and by imposing consecutive sentences. We again affirmed appellant's sentence. *See State v. Mancini*, No. A03-1455, 2005 WL 831938 (Minn. App. Apr. 12, 2005), *review denied* (Minn. Dec. 13, 2005).

On March 28, 2014, appellant filed a pro se petition seeking postconviction relief, alleging that he is entitled to relief because he is innocent, he received ineffective assistance of counsel, his plea was deficient, and his sentence was improper. The district court denied appellant's petition on May 6, 2014 as statutorily time-barred and barred by *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). This appeal follows.

## DECISION

A district court may deny a petition for postconviction relief without a hearing if the petition and record conclusively show that the petitioner is not entitled to relief.

Minn. Stat. § 590.04, subd. 1 (2014). "We review a denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion. A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (citations and quotation omitted).

## I.      Statutory time bar

Appellant argues that his postconviction claims are not statutorily time-barred by Minn. Stat. § 590.01, subd. 4 (2014) based on the mental illness and newly discovered evidence exceptions. We disagree. A petition for postconviction relief must be filed within two years of "an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a). A district court may only hear a petition filed after the deadline if the petitioner establishes that a statutory exception to the time bar applies to his petition. *Id.*, subd. 4(b)(1)-(5). The petitioner also must demonstrate that he timely filed the petition in response to those circumstances. *See id.*, subd. 4(c) (setting forth the two-year time limit for exceptions).

Appellant filed his petition for postconviction relief nine years after the appellate court's disposition of his direct appeal. The district court concluded that his claims are therefore statutorily time-barred.

### A.      *Mental illness*

First, appellant argues that his petition is not time-barred due to his mental disease that precluded the timely assertion of his claims. We agree that a court may hear a

4

petition for postconviction relief if the petition established that a mental disease precluded the timely assertion of his claim. *Id.*, subd. 4(b)(1).

In support of his claim, appellant relies on documents from the Federal Bureau of Prisons Psychology Data System, which indicate that he suffers from psychotic disorder not otherwise specified, amphetamine dependence, and schizophrenia.[1] But appellant presents no evidence regarding how his mental disease precluded the timely assertion of his claims. Accordingly, we conclude that the mental disease exception to the two-year time bar does not apply in this case.

### B. *Newly discovered evidence*

Appellant also argues that his petition for postconviction relief is not time-barred due to the newly discovered evidence exception. We disagree. To satisfy the newly discovered evidence exception to the postconviction time bar, appellant's postconviction petition must allege that (1) newly discovered evidence exists; (2) the evidence could not have been ascertained by the exercise of due diligence within the two-year time period for filing a postconviction petition; (3) the evidence is not cumulative; (4) the evidence is not for impeachment purposes; and (5) the evidence establishes by a clear-and-

---

[1] Appellant also relies on several photographs and other exhibits attached to his brief to show the physical effect of the drug Risperdal, which was used to treat his mental illness. These exhibits are not part of the record because they were not submitted to the district court. The record on appeal consists of "[t]he documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any." Minn. R. Civ. App. P. 110.01. "The court will strike documents included in a party's brief that are not part of the appellate record." *Fabio v. Bellomo*, 489 N.W.2d 241, 246 (Minn. App. 1992), *aff'd*, 504 N.W.2d 758 (Minn. 1993).

convincing standard that the petitioner is innocent of the offense for which the petitioner was convicted. *Id.*, subd. 4(b)(2).

Appellant argues that the confidential portion of his presentence investigation report (PSI) is newly discovered evidence. The postconviction court noted that "the totality of the [PSI] was available to both his counsel." Although appellant claims that he did not receive this information, he has not shown that it could not have been discovered with due diligence within the requisite postconviction time period. And, based on our thorough review of the confidential portion of appellant's PSI, we conclude that it does not contain any information that clearly and convincingly shows that appellant is innocent.

Because appellant filed his petition for postconviction relief nine years after this court's disposition of his direct appeal, and because appellant has not satisfied a statutory exception to the time bar, we conclude that the district court did not abuse its discretion by summarily denying appellant's petition for postconviction relief.

**II.**    *Knaffla*

Appellant also argues that the district court abused its discretion by concluding that even if his petition was not time-barred, the claims asserted therein are barred under *State v. Knaffla*. We disagree. Review of a denial of postconviction relief based on the *Knaffla* procedural bar is for an abuse of discretion. *Quick v. State*, 692 N.W.2d 438, 439 (Minn. 2005).

A petitioner is not entitled to postconviction relief for claims raised in the direct appeal or for claims that were known or should have been known at the time of the direct

6

appeal. *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. The *Knaffla* procedural bar is subject to two exceptions: (1) a claim known but not raised on direct appeal is not barred "if the claim's novelty was so great that its legal basis was not reasonably available when direct appeal was taken," and (2) a claim is not barred "when fairness so requires and when the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007) (quotation omitted). The district court concluded that appellant's claims were *Knaffla* barred because "[e]ach of the grounds for relief asserted by [appellant] could have been, or actually were, raised via direct appeal of his convictions and sentence."

###### A.     Ineffective assistance of counsel

Appellant argues that "[t]rial and appellate counsel did, or should have known of the confidential portion of the [presentence investigation report]," and "both were ineffective due to not using this document." We disagree. Appellant did not raise these claims in his direct appeal. Appellant does not provide any explanation as to why he could not raise his ineffective-assistance-of-trial-counsel claim at that time. Therefore, we conclude that the district court did not abuse its discretion by concluding that his ineffective-assistance-of-trial-counsel claim is barred by *Knaffla*.

Appellant also argues that his appellate counsel was ineffective for not using the confidential portion of his PSI. An ineffective-assistance-of-appellate-counsel claim "is not barred by *Knaffla* because [appellant] could not have known of ineffective assistance of his appellate counsel at the time of his direct appeal." *Schneider v. State*, 725 N.W.2d 516, 521 (Minn. 2007). To prevail on a claim of ineffective assistance of counsel, "[t]he

7

defendant must affirmatively prove that his counsel's representation 'fell below an objective standard of reasonableness' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064, 2068 (1984)). "We review the denial of postconviction relief based on a claim of ineffective assistance of counsel de novo because such a claim involves a mixed question of law and fact." *Hawes v. State*, 826 N.W.2d 775, 782 (Minn. 2013).

The district court concluded that this claim failed because appellant "failed to provide any basis to conclude that the performance of his counsel fell below an objective standard of reasonableness," and "the post-conviction relief motion does not assert a reasonable probability that but for any alleged error by counsel, the outcome would have been different." We agree. Appellant makes no assertion regarding whether his appellate counsel's alleged acts fell below the objective standard of reasonableness or whether the outcome of his case would have been different but for the alleged errors. An assignment of error in a brief based on "mere assertion" and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (quoting *Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519-20, 187 N.W.2d 133, 135 (1971)).

## B. Jurisdiction

Lastly, appellant argues that "[t]he district court lacked jurisdiction to accept [appellant's] guilty plea to the charge presented in DC File No. K0-02-4361 . . . [a]nd to

8

the amended charge in DC File No. K2-02-4314." We disagree. Appellant does not support his argument with facts or authority, and therefore, this claim is waived. *See Modern Recycling, Inc.*, 558 N.W.2d at 772 (stating that an assignment of error based on mere assertion and not supported by argument or authority is waived).[2]

**Affirmed; motions denied.**

---

[2] Along with his reply brief, appellant filed several motions, to appoint counsel, to supplement/amend the record, and to hold proceedings in abeyance. Appellant was represented by counsel in a direct appeal from his conviction, *see Mancini*, 2005 WL 831938, and has no right to appointed counsel in this subsequent postconviction proceeding. *State v. Barnes*, 768 N.W.2d 359, 364 (Minn. 2009). Appellant's motion to supplement/amend the record seeks to add a claim that his postconviction petition is not time-barred due to the mental illness exception, set out in Minn. Stat. § 590.01, subd. 4(b)(1). Because this exception has been addressed and rejected, his motion to amend the record will be denied as unnecessary. Finally, appellant seeks to "hold [the] proceedings in abeyance," and to remand the matter to the district court to allow him to file an amended postconviction petition that he claims would establish that he has a mental illness and would entitle him to an evidentiary hearing. The district court gave appellant ample opportunity to file additional materials, reviewed all of appellant's submissions, and concluded that appellant was not entitled to a postconviction evidentiary hearing. Appellant's current request for a stay to allow him to file additional evidence with the district court is therefore denied.