*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1956**

James Adam Roth,
Appellant,

vs.

Emily Johnson Piper, Commissioner of Human Services,
Respondent.

**Filed April 11, 2016
Affirmed
Rodenberg, Judge**

Dakota County District Court
File No. 19-P9-07-030117

David A. Jaehne, West. St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, Aaron E. Winter, Assistant Attorney General, St. Paul,
Minnesota (for respondent Commissioner)

James C. Backstrom, Dakota County Attorney, Jennifer Jackson, Assistant County
Attorney, Hastings, Minnesota (for respondent Dakota County)

Considered and decided by Larkin, Presiding Judge; Peterson, Judge; and
Rodenberg, Judge.

**UNPUBLISHED OPINION**

**RODENBERG**, Judge

Appellant James Adam Roth challenges the judicial appeal panel's order
dismissing and denying his petition for full discharge from his civil commitment as a

sexually dangerous person (SDP). Because appellant failed to introduce competent evidence to satisfy his burden of production supporting his petition for a full discharge, we affirm.

**FACTS**

Appellant was indeterminately committed as an SDP in January 2011 and placed in the forensic nursing home at Minnesota Sex Offender Program (MSOP) in St. Peter. *In re Civil Commitment of Roth*, No. A11-0318, 2011 WL 3241892, at *6 (Minn. App. Aug. 1, 2011). We affirmed appellant's commitment on August 1, 2011. *Id.* at *12.[1]

In September 2013, appellant petitioned the special review board for a full discharge. In September 2014, the board conducted a hearing, construing his petition as one for transfer to Community Preparation Services (CPS), a provisional discharge from civil commitment, or a full discharge. The board recommended denying appellant's request.

Appellant requested reconsideration by the judicial appeal panel, this time construing his appeal as one from the denial of a transfer to CPS, partial discharge, and full discharge. The panel appointed Thomas Alberg, Ph.D., to examine appellant. In June 2015, the panel held a hearing and received five stipulated exhibits, including Dr. Alberg's report concerning his examination of appellant. At the hearing, appellant sought only a full discharge.

---

[1] The underlying facts supporting appellant's commitment are sufficiently set forth in our earlier opinion, and we do not recite them here.

During his testimony, appellant denied committing any sexual offenses, indicated that he would like to live with his nephew or brother, and stated that he was completely dependent on others to care for him. Appellant admitted that he could not reside with his brother if he was considered a level-3 sex offender, because his brother operated a daycare out of his residence. Appellant also testified that he would be willing to stay at the forensic nursing home if there were no other options, but that he wanted to be released from the program so that he could go out to eat with family once per month. Testimony from both Dr. Alberg and appellant indicated that appellant had only been receiving "[b]etween a half-hour and an hour" of sex-offender treatment per week, and that the treatment had only begun after the special review board hearing nine months earlier.

After appellant rested, respondent Commissioner of Human Services moved to dismiss appellant's petition under Minn. R. Civ. P. 41.02(b) and Minn. Stat. § 253D.28, subd. 2(d)-(e) (2014). The panel granted the commissioner's motion and denied appellant's request for discharge, explaining that:

> [appellant] did not meet his burden of production under this statute and present a prima facie case with competent evidence to show he is entitled to a full discharge. He presented little to no evidence, let alone competent evidence, to support a full discharge. He presented no evidence, let alone competent evidence, showing he is capable of making an acceptable adjustment to open society, is no longer dangerous to the public, and is no longer in need of inpatient treatment and supervision. He also presented no evidence, let alone competent evidence, of specific conditions that would provide a reasonable degree of protection to the public and assist him in adjusting to the community. His request for a full discharge must be denied at this time.

Although noting that the alternative relief forms were not properly before them, the panel considered whether appellant had shown eligibility for a provisional discharge or transfer to CPS. Because "[h]e has a high need for continued institutionalization and the Forensic Nursing Home is the facility that can best meet his needs at the present time" and "[t]ransfer cannot be accomplished with a reasonable degree of safety for the public," the panel concluded that appellant had not carried his burden of production concerning provisional discharge or transfer. This appeal followed.

## D E C I S I O N

Appellant challenges the judicial appeal panel's dismissal and denial of his petition for discharge. "When a judicial appeal panel dismisses a civil-commitment discharge petition under Minn. R. Civ. P. 41.02(b), the standard of appellate review is de novo." *Larson v. Jesson*, 847 N.W.2d 531, 532-33 (Minn. App. 2014).

A person committed as an SDP may first petition the special review board for a discharge. Minn. Stat. § 253D.27, subd. 2 (2014). If the board recommends denying the petition, the person may ask the judicial appeal panel to reconsider the special review board's recommendation. *Larson*, 847 N.W.2d at 534. A committed person may be fully discharged only if the panel determines that he "is capable of making an acceptable adjustment to open society, is no longer dangerous to the public, and is no longer in need of inpatient treatment and supervision." Minn. Stat. § 253D.31 (2014). The panel must consider "whether specific conditions exist to provide a reasonable degree of protection

4

to the public and to assist the committed person in adjusting to the community." *Id.* "If the desired conditions do not exist, the discharge shall not be granted." *Id.*

A petitioner before the judicial appeal panel "bears the burden of going forward with the evidence, which means presenting a prima facie case with competent evidence to show that the person is entitled to the requested relief." Minn. Stat. § 253D.28, subd. 2(d). This is "only a burden of production." *Coker v. Jesson*, 831 N.W.2d 483, 490 (Minn. 2013). The petitioner must "come forward only with sufficient, competent evidence that, *if proven*, would entitle the petitioner to relief." *Id.* "If the committed person satisfies his burden of production, then the party opposing the petition 'bears the burden of proof by clear and convincing evidence that the discharge or provisional discharge should be denied.'" *Id.* at 486 (quoting Minn. Stat. § 253B.19, subd. 2(d) (2012)).

"After the [petitioner] has completed the presentation of evidence, the commissioner may move to dismiss the petition under Minn. R. Civ. P. 41.02(b)." *Larson*, 847 N.W.2d at 535. Dismissal under Minn. R. Civ. P. 41.02(b) is appropriate if the committed person has not satisfied his burden of production. *Id.* When deciding whether the petitioner has satisfied the burden of production, the panel must "view the evidence produced at the first-phase hearing in a light most favorable to the committed person." *Coker*, 831 N.W.2d at 491. It "may not weigh the evidence or make credibility determinations." *Id.* at 490.

On appeal, appellant argues that he would be better served "in another setting" given his disability and the limited treatment he is currently receiving. As an initial

5

matter, we note that appellant's brief is devoid of any legal authority. An assignment of error in a brief based on "mere assertion" and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (quotation omitted). We generally decline to address allegations unsupported by legal analysis or citation. *Ganguli v. Univ. of Minn.*, 512 N.W.2d 918, 919 n.1 (Minn. App. 1994).

Additionally, the only request for relief presented to the panel was for full discharge. If appellant believed there was a less secure, but still safe setting where he could live and receive sex offender treatment, then appellant could have petitioned for a transfer or provisional discharge from commitment and submitted the requisite discharge plan. *See Larson*, 847 N.W.2d at 536 (stating that "a provisional discharge plan is a necessary step before the judicial appeal panel could even begin to consider a provisional discharge"). He made no such claim or presentation to the panel. We limit our review to those claims presented to the panel. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Concerning full discharge, it is evident that the judicial appeal panel did not err in concluding that appellant failed to meet his burden of production. The record is devoid of any competent evidence indicating that appellant "is capable of making an acceptable adjustment to open society, is no longer dangerous to the public, and is no longer in need of inpatient treatment and supervision." Minn. Stat. § 253D.31. Appellant concedes that he needs treatment, but claims that he can only receive adequate treatment if transferred to MSOP-St. Peter for treatment or, if released to live with his nephew, re-committed as mentally ill, and required to attend Project Pathfinder. Despite this concession, appellant

6

denied having committed any sexual offenses and denied experiencing any "kind of deviant sexual arousal." Appellant has yet to come to terms with his need for treatment and his threat to the public. The record does not support that appellant is so physically impaired as to pose no danger to the public.

Finally, the sole *competent* evidence concerning the discharge factors were the stipulated exhibits and Dr. Alberg's testimony. When viewed in a light most favorable to appellant, Dr. Alberg's report reflects that appellant is severely incapacitated, scored in the moderate-low risk of reoffending on one of the sexual violence risk assessments, and appeared to have family support. Dr. Alberg opined that appellant remains properly diagnosed with a sexual paraphilia and he remains in need of treatment. There is no record evidence that appellant has made significant progress in treatment. Dr. Alberg also testified that appellant remains likely to manipulate others and has not developed a specific plan to ensure that he would not reoffend upon discharge, thereby failing to ensure any degree of safety to the public. Therefore, even viewing the evidence in the light most favorable to appellant, he has failed to produce evidence that, if proven, would entitle him to a full discharge. *See* Minn. Stat. § 253D.31. The panel did not err by granting the commissioner's motion to dismiss appellant's petition.

**Affirmed.**